0925

Karole K. JENSEN, As Administratrix of the Estate of Tawwab Muhammad, A Minor Seven (7) Years of Age, Respondent v. Virgil CONRAD, Individually and in his capacity as Commissioner of the South Carolina Department of Social Services; Dale Pinckney, Individually and in her capacity as Supervisor of the Jasper County Department of Social Services; Alvin Thomas, Individually and in his capacity as Protective Service Case Worker for the Jasper County Department of Social Services; Deborah Hartness, Individually and in her capacity as a Protective Service Case Worker for the Jasper County Department of Social Services; and Clifford Brantley, Individually and in his capacity as Sheriff of Jasper County, Appellants.

(355 S. E. (2d) 291)

Court of Appeals

*Joel H. Smith,* of *Nelson, Mullins, Grier & Scarborough,* *George C. Beighley,* of *Richardson, Plowden, Grier & Howser,* Columbia, and *J. Gail Rahn,* of *Wise & Cole,* Charleston, *for appellants.*

*Joel D. Bailey,* of *Moss, Bailey & Dore,* Beaufort, *for respondent.*

Heard Oct. 21, 1986.

Decided April 6, 1987.

SANDERS, Chief Judge:

These wrongful death and survival actions were filed in Jasper County. The complaints were properly captioned, but the summonses were captioned for Beaufort County. All defendants entered special appearances under now repealed Section 15-13-380, Code of Laws of South Carolina (1976). Arguing the miscaptioned summonses were ineffective to subject them to personal jurisdiction, they moved to dismiss the suits. The trial judge denied the motion to dismiss and allowed Jensen to amend the caption of the summonses to show the actions pending in Jasper County. We affirm these rulings.

The defendants primarily argue that the incorrect captions on the summonses created a jurisdictional defect that rendered service void. In making this argument, they do not claim that they were misled or prejudiced. Instead, they argue that one of the essential elements of a summons is the caption and that it must name the county where the case is brought, or the Court acquires no personal jurisdiction.

At the time these actions were filed, the contents of a summons were prescribed by now repealed Section 15-9-20. The requisites of a summons under this statute were few, and a caption naming the county of filing was not among them. The statute demanded no particular form for the summons. *State ex rel. Wolfe v. Sanders,* 118 S. C. 498, 503, 110 S. E. 808, 810 (1920). Under now repealed Section 15-13-230, a summons served without the complaint had to "state where the complaint is or will be filed." But in this case, the summons and complaint were served together.

Therefore in this case the failure to name the county where the complaint was filed did not constitute a defect in the summons.[1]

The defendants have cited authorities from several jurisdictions in support of their argument. We have reviewed these authorities and find that in each pertinent case the operative statute or rule explicitly required the county of venue to be named in the summons. These authorities, therefore, cannot assist us in deciding this question, which is a matter of reading our own statute.

The defendants also point to former Rule 12, Rules of Practice for the Circuit Courts of South Carolina. One portion of that rule states that papers are to be "endorsed with the style of the Court [and] the venue. . . ." This portion of Circuit Court Rule 12 existed to assist the clerk in filing the papers properly. For example, another part of the same passage directed that papers should be folded four times. We do not read this rule as adding a requirement to the statutory directive on the contents of a summons. Its promulgation and amendment show it is an administrative rule relating to procedures for filing and authentication rather than a court-made change in code pleading requirements. *See* original volumes 22 S. E. xvi (1895) (promulgation) and 33 S. E. viii (1899) (amendment); also *see Edgefield Manufacturing Co. v. Maryland Casualty Co.*, 78 S. C. 73, 79, 58 S. E. 969, 971 (1907) (construing a requirement of Rule 12 that typewritten pages be signed, Court declared the object of the rule was to prevent mistake or imposition).

As we have said, the defendants have not claimed that they were misled or otherwise prejudiced by the designation of the incorrect county in the caption of the summons. An error in a non-essential portion of a summons cannot affect its validity unless prejudice is shown. *State ex. rel. Wolfe v. Sanders, supra; Smith & Melton v. Walker*, 6 S. C. 169, 175 (1875). Since no prejudice is asserted

---

[1] Under present practice, a summons must contain the name of the county. Rule 4(b), S. C. R. Civ. P. We express no view on the effect that failure to name the county in the summons would have under present practice.

here, the designation of the incorrect county did not invalidate the summons.

From the foregoing, it follows that no successful claim of error can rest on the grant of the motion to amend the summons since no amendment of the summons was necessary. *See Lee v. Storfer*, 159 S. C. 70, 75, 156 S. E. 177, 179 (1930). The amendment was therefore superfluous. Superfluous language in a judgment may be disregarded. *Longstreet v. Lafitte*, 29 S. C. L. (2 Speers) 664, 668 (1844).

The defendants also assert the Court failed to conduct a proper hearing on the motion to amend and that as a result they were denied the due process of law. They argue the alleged failure to provide an opportunity to be heard constitutes an abuse of discretion. We have already found that with or without amendment of the summons the Court acquired jurisdiction over the defendants. Therefore, any procedural error in allowing the amendment was entirely harmless and is no basis for reversal. A judgment will not be reversed for insubstantial errors not affecting the result. *State ex rel. Medlock v. Nest Egg Society Today, Inc.*, 290 S. C. 124, 348 S. E. (2d) 381 (Ct. App. 1986).

Affirmed.

GARDNER and CURETON, JJ., concur.