23192

Bill ADAMSON, Respondent v. MARIANNE FABRICS, INC.
and ADO Corporation, Appellants.

(391 S.E. (2d) 249)

Supreme Court

*Arthur H. McQueen, Jr.*, Spartanburg, *for appellants.*

*Brian Dumas*, Columbia, *for respondent.*

Heard Feb. 4, 1990.

Decided April 16, 1990.

CHANDLER, Justice:

Marianne Fabrics (Marianne) and ADO Corporation (ADO) appeal a jury verdict for actual and punitive damages, and an award of attorney's fees to Respondent, Bill Adamson (Adamson).

We reverse.

## FACTS

In 1979, Adamson was employed to sell drapery fabrics as a sales representative for Marianne and ADO. In 1983, he signed a contract with ADO which characterized him as an Independent Contractor. The contract provided for a 13% commission on ADO fabrics sold, and 6½% on Marianne fabrics. It also entitled Adamson to 120 days' commissions upon his termination.

When he was terminated by ADO on April 7, 1987, Adamson received only 30 days' commissions. ADO's records revealed that Adamson was due $14,871.32 for the remaining 90 days' commissions; however, ADO refused payment of this

amount, contending that it was due an "offset" of $15,000 resulting from Adamson's alleged failure to properly maintain customer account cards.

Adamson initiated this action under S.C. Code Ann. § 41-10-10 *et seq.* (1986), governing payment of wages. He contends that he is owed not only the $14,871.32, *post*-termination commissions but, also, approximately $8400 in *pre*-termination commission shortages. Pursuant to § 41-10-80, the complaint prayed for treble damages and attorney's fees. Finally, the complaint alleged breach of contract accompanied by a fraudulent act and sought punitive damages.

At the outset of trial the court ruled, over objection, that § 41-10-10 et seq. applied as a matter of law, regardless of whether Adamson was an *employee* or an *independent contractor*.

The jury returned a verdict of $21,700 actual and $16,000 punitive damages. The trial court trebled the actual damages to $65,100, and awarded $15,000 attorney's fees, for a total verdict of $96,100.

## ISSUES

Did the court err:

1. In ruling that § 41-10-10 *et seq.* applied as a matter of law?
2. In excluding evidence of subsequent agreements between Adamson and ADO?
3. In admitting into evidence summaries of commission shortages prepared by Adamson?
4. In allowing both treble and punitive damages?

## DISCUSSION

### I. APPLICABILITY OF SECTION 41-10-10 *ET SEQ.*

ADO contends the trial Court erred in holding that § 41-10-10 *et seq.* applies to independent contractors, no less than to employees. We agree.

The statute governs payment of *employee* wages whether earned "on a time, task, piece or commission basis." It does not, however, embrace the earnings of

independent contractors.[1]

Similarly, this Court has consistently held that independent contractors are not subject to the Worker's Compensation Act, notwithstanding the absence of specific language excluding them. *Young v. Warr,* 252 S.C. 179, 165 S.E. (2d) 797 (1969). Independent contractors are not subject to employer control or direction, which negates any employer-employee relationship. *Chavis v. Watkins,* 256 S.C. 30, 180 S.E. (2d) 648 (1971).

Although Adamson was characterized in the contract as an independent contractor, it was for the jury to determine whether, under all the evidence, he was an employee so as to fall within the provisions of § 41-10-10 *et seq.*

Accordingly, the trial Court erred in holding, as a matter of law, that § 41-10-10 applied to Adamson.

## II. SUBSEQUENT AGREEMENTS

At trial, ADO sought to introduce evidence of an oral agreement by Adamson, made subsequent to the written 1983 contract, to accept reduced commissions on specified products and large volume sales. The Court held such evidence inadmissible under the parol evidence rule.

Although the terms of a completely integrated agreement cannot be varied or contradicted by parol evidence of *prior or contemporaneous* agreements not included in the writing, the rule does not apply to subsequent modifications. *Wilson v. Landstrom,* 281 S.C. 260, 315 S.E. (2d) 130 (Ct. App. 1984). Written contracts may be modified orally. *South Carolina Nat'l Bank v. Silks,* 295 S.C. 107, 367 S.E. (2d) 421 (Ct. App. 1988).

Here, ADO sought to introduce evidence of *subsequent* agreements made with Adamson. Accordingly, the parol evidence rule does not apply and it was error to exclude the evidence.

---

[1] Further support for this holding is found in the General Assembly's recent enactment of § 39-65-10 *et seq.* (1988) (effective May 2, 1988) which requires "Principals" to pay post-termination commissions to sales representatives, and prohibits any person proceeding under this chapter from proceeding under § 41-10-10.

### III. ADAMSON'S SUMMARIES

ADO next contends the court erred in allowing Adamson to submit *his summaries* of ADO's computer printouts to establish the amount of commission shortages. We disagree.

The admission of evidence is within the sound discretion of the trial judge and will not be disturbed on appeal absent a clear abuse of discretion, amounting to an error of law. *Hofer v. St. Clair*, 298 S.C. 503, 381 S.E. (2d) 736 (1989).

Since ADO was permitted to cross-examine Adamson on the accuracy of his summaries, we find no abuse in their admission.

### IV. TREBLE AND PUNITIVE DAMAGES

We agree with ADO's contention that Adamson was not entitled to recover both punitive and treble damages.

An award of punitive damages resulting from an act that may also result in liability for multiple damages is not allowed, for it would result in a double recovery for one wrongful act, even though it may not be necessary to establish willfulness or maliciousness as an element of the cause of action for statutory damages.

22 Am. Jur. (2d), *Damages* § 817 (1988). We hold that an award of both treble and punitive damages constitutes double recovery, and is impermissible.

### CONCLUSION

In light of the foregoing, the award of attorney's fees is vacated and the case remanded for a new trial.

Reversed and remanded.

GREGORY, C.J., and HARWELL, FINNEY and TOAL, JJ., concur.