1557

James C. INMAN, Appellant v. IMPERIAL CHRYSLER-PLYMOUTH, INC., d/b/a Ken Hyatt Chrysler-Plymouth, Respondent.

(397 S.E. (2d) 774)

Court of Appeals

*William R. Applegate*, West Columbia, *for appellant.*

*Ronald E. Robbins* and *Jackson L. Barwick*, of *Belser, Baker, Barwick, Ravenel & Bender*, and *Ruskin C. Foster*, of *McKay, McKay & Henry*, of Columbia, *for respondent.*

Heard Sept. 18, 1990.

Decided Oct. 22, 1990.

*Per Curiam:*

This is an action for fraud. James C. Inman sued Imperial Chrysler-Plymouth, Inc. after discovering the car he purchased from Imperial as new previously had been sold to another. Imperial moved for summary judgment on the ground that Inman's fraud claim was barred since Inman had already received and satisfied an Unfair Trade Practices judgment for the same damages. The trial judge granted the motion. Inman appeals. We affirm.

Inman's initial complaint stated a claim for Unfair Trade Practices and attempted to state a cause of action for fraud. Imperial moved to dismiss the fraud claim because Inman failed to allege all elements of the tort. The trial judge denied the motion. The jury returned a verdict for Inman on both causes of action. The trial judge doubled the Unfair Trade Practices award.[1] Imperial appealed. The Supreme Court affirmed the Unfair Trade Practices verdict, but reversed the denial of Imperial's motion to dismiss the fraud case of action. *Inman v. Ken Hyatt Chrysler-Plymouth, Inc.*, 294 S.C. 240, 363 S.E. (2d) 691 (1988).

After the Supreme Court's decision, Imperial paid and Inman satisfied the Unfair Trade Practices judgment. Inman then moved to amend his complaint to replead the fraud claim. The trial judge allowed the amendment. Imperial appealed, asserting the Supreme Court's reversal of the trial judge's order on the motion to dismiss ended the case. The Supreme Court dismissed the appeal, finding that the trial court had jurisdiction to allow the amendment.

Imperial then moved for summary judgment on the grounds that Inman had been fully compensated for his damages, had satisfied the judgment, and had elected his remedy. The trial judge granted the motion. Inman contends this was error.

---

[1] Section 39-5-140, Code of Laws of South Carolina, 1976, states that "the court shall award three times the actual damages sustained. . . ." We are, therefore, uncertain why the trial judge awarded only double damages. The award was affirmed by our Supreme Court, but presumably this is because neither party asserted error on this ground. Inman does not argue this point now. We note that double damages were allowed for the sole purpose of showing that certain damages, punitive in nature, were recovered by Inman.

First, Inman argues the doctrine of election of remedies has no application to the facts of this case. He contends that election is required only when the plaintiff asserts consistent causes of action for the same damages, and that fraud and Unfair Trade Practices are distinct claims.

Inman's theory is incorrect. The issue is one of election of remedies, not election between causes of action. Election of remedies is the act of choosing between different remedies allowed by law on the same state of facts. *Harper v. Ethridge*, 290 S.C. 112, 348 S.E. (2d) 374 (Ct. App. 1986); *Boardman v. Lovett Enterprises*, 283 S.C. 425, 323 S.E. (2d) 784 (Ct. App. 1984), *rev'd on other grounds*, 287 S.C. 303, 338 S.E. (2d) 323 (1985). Election between causes of action, on the other hand, is the device formerly used to require the plaintiff to pursue only one theory of recovery when his complaint stated distinct causes so repugnant that the assertion of one necessarily constituted an election and precluded assertion of the other. *Harper*, 290 S.C. at 120-21, 348 S.E. (2d) at 379. Election between causes of action is no longer required under our rules of civil procedure. Even when it was required, it applied only to inconsistent causes. It has never been applied to bar the assertion of consistent claims. Rather, plaintiffs merely have been precluded from reaping the unjust awards of a double recovery. *See Save Charleston Foundation v. Murray*, 286 S.C. 170, 176, 333 S.E. (2d) 60, 64 (Ct. App. 1985).

Modern procedure generally permits a plaintiff to assert all viable causes of action, consistent or not. The restriction is not on the potential theories of recovery a plaintiff might pursue, but instead, on the recovery itself. It is a fundamental rule of law in this state that there can be no double recovery for a single wrong. *Harper*, 290 S.C. 121, 348 S.E. (2d) at 379. Inman already has recovered his actual damages, multiple damages, and attorney's fees under the South Carolina Unfair Trade Practices Act. This is the controlling consideration in this case. By accepting payment and satisfying the Unfair Trade Practices judgment, Inman invoked his remedy against Imperial. "The invocation of one remedy constitutes an election of remedies that will bar another remedy consistent therewith. . . ." *Save Charleston Foundation*, 286 S.C. at 176, 333 S.E. (2d) at 64.

Inman concedes that he has been compensated for his actual damages. As noted, our law is clear that "plaintiffs may only recover once for their actual damages." *Nichols v. State Farm Mutual Auto Insurance Co.*, 279 S.C. 336, 341, 306 S.E. (2d) 616, 619 (1983). He argues, however, that Imperial has not been adequately punished and that since additional facts must be proved to make out a case for fraud, those damages necessarily would be awarded to punish Imperial for conduct distinct from and more egregious than the conduct for which multiple damages were ordered under the Unfair Trade Practices claim.

This argument is without merit. First, the record shows that the conduct upon which Inman bases his fraud claim is the same as that on which he based his claim for Unfair Trade Practices. Second, our Supreme Court, in language directly on point, recently stated that " '[a]n award of punitive damages resulting from an act that may also result in multiple damages is not allowed. . . .' " *Adamson v. Marianne Fabrics, Inc.*, 301 S.C. 204, 208, 391 S.E. (2d) 249, 251 (1990) (quoting 22 Am. Jur. (2d) *Damages* § 817 (1988)). Finally, Inman's fraud claim was properly disposed of on summary judgment since, by satisfying the Unfair Trade Practices judgment, he has elected his remedy and has received his actual damages, damages punitive in nature, and attorney's fees.

Second, Inman argues Imperial "implicitly" raised and the trial judge "apparently" rejected the election of remedies argument at the hearing on Inman's motion to amend his complaint. He contends, therefore, that Imperial was precluded from reasserting the issue on motion for summary judgment.

This argument is based on speculation and flawed legal analysis. In the first place, the trial judge's order does not state or even suggest that he considered the election issue in rendering his decision to allow amendment. Furthermore, even if we were to accept Inman's assertion that Imperial raised and the trial judge rejected the election argument, Inman still could not prevail. A motion to compel election is not a motion that may be made but once and is thereafter barred. The motion may be made or renewed at any stage of the case. *Cf. Harper*, 290 S.C. 112, 348 S.E. 374.

Finally, Inman argues Imperial has waived its right to invoke the doctrine of election of remedies. He asserts that by failing to raise the issue throughout the trial and two appeals, Imperial has forfeited its right to argue that the doctrine precludes Inman from recovering on both causes of action.

We hold that Imperial has not waived its right to assert an election of remedies defense. As we have stated, there can be no double recovery for a single wrong. This is the basic purpose of the election of remedies doctrine. *Id.* A defendant may raise the issue of election of remedies at any stage of the case. Indeed, to carry out the doctrine's purpose, the trial judge should on his own motion require election if he lets both causes of action go to the jury. *Nichols,* 279 S.C. at 341, 306 S.E. (2d) at 619 (holding trial judge acted properly in striking verdict on one cause of action to prevent double recovery). To hold otherwise would result in an impermissible double recovery. *Adamson,* 301 S.C. at 208, 391 S.E. (2d) at 251.

Affirmed.

