2149

Richard E. SMITH and A. Glenn Shoemaker, formerly d/b/a Metro Barrier Systems, a Franchisee of Metro Barrier Systems, Inc., Respondents v. Clyde L. STRICKLAND, Sandra Strickland, Theresa Bullock, and Metro Waterproofing, Inc., Appellants.

(442 S.E. (2d) 207)

Court of Appeals

*Charles E. Carpenter, Jr., Franklin J. Smith, Jr.,* and *Deborah L. Harrison,* of *Richardson, Plowden, Grier and Howser,* Columbia, *for appellants.*

*Paul A. Dominick,* of *Nexsen, Pruet, Jacobs, Pollard and Robinson,* Charleston, *for respondents.*

Heard Feb. 9, 1994.

Decided Mar. 7, 1994. Reh. Den. Apr. 21, 1994.

*Per Curiam:*

This is a business tort case that arises out of the purchase of a business franchise. The plaintiffs, Richard E. Smith and A. Glenn Shoemaker, who formerly did business as Metro Barrier Systems, brought suit against the defendants, Clyde L. Strickland, Sandra Strickland, Theresa Bullock, and Metro Waterproofing, Inc., alleging causes of action for fraud; constructive fraud; violation of the South Carolina Business Opportunity Sales Act, S.C. Code Ann. § 39-57-10 *et seq.* (1985); and violation of the South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-10 *et seq.* (1985). Following a bench trial, the trial court found for the plaintiffs on each cause of action, awarding them $675,762.34 in actual damages on each of the first three causes of action, $700,000 in punitive damages

on each of the first two causes of action, $250,000 in attorney fees on each of the last two causes of action, and $675,762.34 in actual damages trebled to $2,027,287.02 on the last cause of action. The defendants appeal. We affirm in part, reverse in part, and remand.

The defendants sold a basement waterproofing system franchise to the plaintiffs in 1990. A little over a year later, on March 8, 1991, the plaintiffs brought the instant action after experiencing problems with the system.

On December 5, 1991, following notification to the defendants by the insurer that it denied coverage and would no longer provide a defense in the case, the attorney who had been retained by the insurer to represent the defendants filed a motion for leave to withdraw as counsel. The trial court granted the attorney's motion on March 3, 1992, and gave the defendants ten days from the receipt of its order within which to retain substitute counsel. Its order expressly cautioned the defendants the action would proceed *pro se* "[i]f no counsel has appeared within the ten day period."

Although they received the trial court's order on March 18, 1992, the defendants apparently waited until April 29, 1992, to contact another attorney about representing them in this action. That attorney on Friday, May 8, 1992, learned, "[j]ust by accident," he later told the trial court, the nonjury trial roster listed the case for trial sometime during the following week.

Upon the call of the case for trial on Tuesday, May 12, 1992, the attorney made a limited appearance on the defendants' behalf and asked for a continuance. He told the trial court, "I'm simply . . . asking for . . . the [c]ourt to give [the defendants] some time to get somebody who can handle the case." A continuance, he argued, "would . . . provide [the defendants] time to prepare for the case and come over and appear at it."

The trial court denied the motion. It also allowed the attorney to withdraw from the case.

The trial court then proceeded to try the case in the defendants' absence. After hearing the testimony of the two plaintiffs and receiving in evidence various exhibits, the trial court, as we indicated, found for the plaintiffs on all causes of action. It subsequently issued a written order in which it made specific findings of fact and conclusions of law in granting judgment to the plaintiffs.

After receiving the trial court's written order, the defendants moved for a new trial and, in the alternative, for an amendment of the order. The trial court, however, denied the new trial motion and declined to amend its order.

This appeal followed.

1. The defendants' argument regarding the trial court's refusal to grant them a continuance affords no basis for a reversal of the judgment below under the circumstances presented here.

Affidavits from the defendant Strickland that accompanied the defendants' motion for a new trial state the defendants received no notice of the pending trial date. The record, however, is clear the defendants had actual notice of trial in that they retained an attorney to move for a continuance when the case was called for trial.

When moving for a continuance, the attorney based his motion on the ground that the defendants lacked sufficient time to secure new counsel and to prepare the case for trial.

But the fact that the defendants had not obtained new counsel and had not prepared the case for trial was no one's fault but their own. The case had been pending for over a year; the trial court had given the defendants, nearly two months before trial, an opportunity to obtain new counsel and had expressly advised them the case would proceed against them *pro se* if they failed to obtain new counsel within ten days of the receipt of its order; the defendants did not retain new counsel within ten days of the receipt of the trial court's order; and the defendants, when they learned the case had been set for trial, hired new counsel only to seek a continuance of the case. *Cf. South Carolina Dep't of Social Services v. Broome*, 307 S.C. 48, 51-52, 413 S.E. (2d) 835, 838 (1992) ("[T]he denial of a motion for a continuance on the ground that counsel has not had time to prepare is rarely disturbed on appeal.").

2. We do not treat the defendants' argument that the trial court "should have granted a new trial" because it pronounced judgment in favor of the plaintiffs before it considered all the plaintiffs' evidence. The defendants did not present this issue to the trial court for it to address, and the trial court, in fact, did not address it. The issue, therefore, is not preserved for appellate review. *Tri-County Ice and Fuel*

*Co. v. Palmetto Ice Co.*, 303 S.C. 237, 399 S.E. (2d) 779 (1990).

3. We agree with the defendants' argument regarding the plaintiffs being improperly allowed a multiple recovery.

In South Carolina, a plaintiff is generally permitted to assert all viable causes of action, whether they are consistent or not. *Inman v. Imperial Chrysler-Plymouth*, 303 S.C. 10, 397 S.E. (2d) 774 (Ct. App. 1990). A plaintiff, however, can have only one recovery for a single wrong. *Harper v. Ethridge*, 290 S.C. 112, 348 S.E. (2d) 374 (Ct. App. 1986).

Here, the trial court found for the plaintiffs on each of their four causes of action or theories of recovery and awarded actual damages on each one, trebling them on the fourth. Basic to each cause of action were the trial court's findings that the "[p]laintiffs suffered economic losses and will suffer losses in the future totalling Six Hundred Seventy-five Thousand Seven Hundred Sixty-two and 34/100 ($675,762.34) Dollars" and that "[t]hese losses were the result of [their] investment in the [basement waterproofing system] franchise."

The plaintiffs are entitled to recover their actual damages only one time. *See Nichols v. State Farm Mut. Auto. Ins. Co.*, 279 S.C. 336, 306 S.E. (2d) 616 (1983) (a plaintiff can recover only once for his or her actual damages). To allow them to recover actual damages four times (once as part of trebled damages) would mean the plaintiffs would receive multiple recoveries for a single wrong, which in this instance was the sale to the plaintiffs of a business opportunity by the defendants who, fraudulently and deceptively, either acted or omitted to act, including in ways proscribed by the Business Opportunity Sales Act and embraced within the Unfair Trade Practices Act.

The plaintiffs concede they can recover their actual damages only once. Despite their concession, however, the plaintiffs argue they can recover both punitive damages either under their first or second cause of action and trebled damages under their fourth cause of action. We hold otherwise.

As with actual damages, a plaintiff can recover damages that are punitive in nature only once, either as expressly designated punitive damages or as trebled damages, where their recovery concerns a single wrong.

*Adamson v. Marianne Fabrics, Inc.,* 301 S.C. 204, 391 S.E. (2d) 249 (1990); *Inman,* 303 S.C. at 14, 397 S.E. (2d) at 776. Here, the defendants committed but a single wrong.

We therefore remand the case for the plaintiffs to elect the one cause of action on which they wish to recover. *Cf. Save Charleston Foundation v. Murray,* 286 S.C. 170, 175, 33 S.E. (2d) 60, 64 (Ct. App. 1985) ("When an identical set of facts entitle the plaintiff to alternative remedies, he may plead and prove his entitlement to either or both; however, the plaintiff may not recover both.").

4. We also agree with the defendants' argument that the trial court erred in awarding the plaintiffs attorney fees in the amount of $250,000 without making findings of fact on the record regarding their reasonableness. *Blumberg v. Nealco, Inc.,* — S.C. —, 427 S.E. (2d) 659 (1993). We therefore remand as well the issue concerning attorney fees.

On remand the trial court shall conduct an evidentiary hearing on the amount of attorney fees to which the plaintiffs are reasonably entitled under the Business Opportunity Sales Act and the Unfair Trade Practices Act and it shall make specific findings of fact on the relevant factors to be considered by a court in making an attorney fees award. *See Sunrise Sav. & Loan Ass'n v. Mariner's Cay Dev. Corp.,* 295 S.C. 208, 367 S.E. (2d) 696 (1988) (wherein the supreme court remanded an award of attorney fees and directed the trial court to take evidence on the reasonableness of the fees).

Affirmed in part, reversed in part, and remanded.

BELL, GOOLSBY and CONNOR, JJ., concur.