PREHEARING REPORT

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Kenneth G. Schneider, Jr., on behalf of himself and others similarly situated,
Appellant/Respondent,
v.
Board of Directors for the Bohicket Marina Village Council of Co-Owners, Inc., for the years 1990 to the present,
Respondents/Appellants.
 
 
 

Appeal from Charleston County
  Deadra L. Jefferson, Circuit Court Judge

Unpublished Opinion No. 2007-UP-081
Heard January 11, 2007  Filed February 15, 2007  

AFFIRMED

 
 
 
W. Jefferson Leath, Jr., of Charleston; and W.H. Bundy, Jr., of Mt. Pleasant; for Appellant/Respondent.
Eugene P. Corrigan, III, of Charleston; for Respondents/Appellants.
 
 
 

 PER CURIAM: The Board of Directors for the Bohicket Marina Village of Co-Owners, Inc. (the Board) and Kenneth G. Schneider, on behalf of himself and others similarly situated, cross-appeal a jury verdict in favor of Schneider on his class action suit against the Board for negligence and breach of fiduciary duty arising from its management of the Bohicket Marina Village Horizontal Property Regime.  We affirm.
I. The Boards Appeal
We decline to address the Boards contentions that the circuit court erred by: (1) refusing to dismiss Schneiders suit for failure to comply with Rule 23(b)(1), SCRCP, and (2) qualifying Schneiders expert on community associations, governments, and board responsibilities.  We hold that the Board did not present a sufficient record for appellate review on these issues.  Substantial portions of the proceedings belowespecially portions related to the Boards assignments of errorare not included in the record on appeal.  See Webb v. CSX Transp., Inc., 364 S.C. 639, 655, 615 S.E.2d 440, 449 (2005) (It is the
appellants burden to present a sufficient record for appellate review.); Connolly v. Peoples Life Ins. Co. of S.C., 299 S.C. 348, 352, 384 S.E.2d 738, 740 (1989) (recognizing an appellate court should not be left to grope in the dark, searching the entire record to ascertain the issue being raised); Hundley v. Rite Aid of S.C., Inc., 339 S.C. 285, 306-07, 529 S.E.2d 45, 57 (Ct. App. 2000) (holding appellants bear the burden of providing this court with a record sufficient to allow appellate review). 
We affirm the following remaining preserved issues raised by the Board.  First, we hold the trial judge did not abuse her discretion in refusing to either decertify the class or remove Schneider as the class representative.  [A] trial judges ruling on whether an action is properly maintainable as a class action is within his discretion.  Waller v. Seabrook Island Property Owners Assn, 300 S.C. 465, 468, 388 S.E.2d 799, 801 (1990).  Rule 23(a)(4), SCRCP, provides that the representative parties will fairly and adequately protect the interests of the class[.]  Although a close question is presented, to the extent the record addresses this issue, we find no abuse of discretion. 
Second, the trial judge did not abuse her discretion in allowing expert testimony from Marshal Clarke, a forensic architect, concerning the increased repair costs to the Regime from 1994 to 2004.  See Fields v. Regl Med. Ctr. Orangeburg, 363 S.C. 19, 25, 609 S.E.2d 506, 509 (2005) (Qualification of an expert and the admission or exclusion of his testimony is a matter within the sound discretion of the trial judge.); Mizell v. Glover, 351 S.C. 392, 406, 570 S.E.2d 176, 183 (2002) (A trial courts ruling to exclude or admit expert testimony will not be disturbed on appeal absent a clear abuse of discretion.).  An expert witness may state an opinion based on facts not within his first-hand knowledge, and may base his opinion on information, whether or not admissible, made available to him before the hearing if the information is of the type reasonably relied upon in the field.  Rule 703, SCRE.  Defects in an expert witnesss education and experience go to the weight, rather than the admissibility, of the experts testimony.  Gooding v. St. Francis Xavier Hosp., 326 S.C. 248, 253, 487 S.E.2d 596, 598 (1997).  Furthermore, we find any error by the trial judge would be harmless because Clarkes testimony concerning costs estimates was cumulative to the same evidence that was earlier admitted without objection.  See Guffey v. Columbia/Colleton Regl Hosp., Inc., 364 S.C. 158, 170, 612 S.E.2d 695, 701 (2005) (explaining appellate court should review error in admission or exclusion of evidence to determine if it is harmless because equivalent or cumulative evidence was admitted).  
Third, we find no error in the trial courts refusal to direct a verdict based on the statute of limitations defense.  Conflicting evidence was presented to the jury, and the trial court properly presented the matter to the jury by way of a special interrogatory.  See Pye v. Estate of Fox, 369 S.C. 555, 563, 633 S.E.2d 505, 509 (2006) (If the evidence as a whole is susceptible of more than one reasonable inference, a jury issue is created and the [directed verdict] motion should have been denied.); see also Sabb v. S.C. State Univ., 350 S.C. 416, 427, 567 S.E.2d 231, 236 (2002) (In ruling on directed verdict or JNOV motions, the trial court is required to view the evidence and the inferences that reasonably can be drawn therefrom in the light most favorable to the party opposing the motions.).

 II. Schneiders Appeal
Schneider presented two claimsnegligence and breach of fiduciary dutyto the jury.  The jury was instructed to decide each cause of action on the evidence and the law applicable to it, uninfluenced by your decision as to the other cause of action.  The charge further informed the jury: you will be asked to write a verdict for each cause of action.  There was no exception taken to the jury charge and the parties agree that the courts instruction required the jury to consider each cause of action separately in terms of liability and damages.  The jury returned verdicts in favor of Schneider on each cause of action, and each verdict form reflected $1,250,000 in damages.  Upon receipt of the verdict, but prior to discharge of the jury, Schneider moved the trial court to have the jury clarify whether it determined total damages to be $1,250,000 or $2,500,000.  Because the jury was instructed to decide each cause of action separately and uninfluenced by the jurys consideration of the other cause of action, the trial court accepted the facially valid verdict forms and discharged the jury.
The Board moved to require Schneider to make an election of remedies.  Schneider opposed the motion to elect remedies and submitted the affidavits of five jurors.[1]  Each juror affidavit asserts that [i]t was definitely my intent for Plaintiff and Class to receive a total award of $2,500,000 and that I believed it was necessary to divide in half the award.  The trial court declined to consider the juror affidavits and required Schneider to make an election of remedies.  Judgment was entered for Schneider for $1,250,000.  On appeal, Schneider claims error in the election of remedies and asks us to make a finding that the juryall twelve jurorsintended to award total damages of $2,500,000 and that judgment be entered in favor of Schneider for $2,500,000.  Schneider does not seek a new trial.
While we are sympathetic with Schneiders predicament, we are unable to grant the relief he requests.  This matter could have been easily and quickly resolved had the trial court permitted the jury to clarify its verdict. The trial court certainly had the authority to seek clarification from the jury as to its intent concerning damages.  The record reveals that when this very issue was anticipated by Schneider prior to jury deliberations, the trial court apparently acquiesced in Schneiders counsels suggestion that if [the jury] come[s] back with a verdict, we can send a question in, I guess, and clear it up then.  When the time came to remove any uncertainty with the jurys verdict, the trial court discharged the jury.  Yet we are certainly in no position to make a finding as to the jurys intent consistent with the view advocated by Schneider.  Even assuming we were to accept at face value the affidavits of the five jurors (which the Board did not have an opportunity to challenge), we do not know the intent of the other seven jurors.  
In rejecting Schneiders challenge, we are mindful that the verdict forms are facially valid.  More to the point, the jury was instructed to reach a verdict as to each cause of action separately.  We find no error in the trial courts refusal to consider the juror affidavits.  The position of the trial court is supported by Rule 606(b), SCRE, and case law.  State v. Hunter, 320 S.C. 85, 88, 463 S.E.2d 314, 316 (1995) (As a general rule, juror testimony may not be the basis for impeaching a jury verdict.); Barsh v. Chrysler Corp., 262 S.C. 129, 135, 203 S.E.2d 107, 109 (1974) (Since litigation must be finalized, the courts have, as a policy matter, adopted the rule of refusing to allow the testimony of a juror to impeach the verdict.).  Rule 606(b) does not permit a juror to testify as to any matter or statement occurring during the course of the jurys deliberations.  Rule 606(b) does permit a juror to testify on the question whether extraneous prejudicial information was improperly brought to the jurys attention or whether any outside influence was improperly brought to bear upon any juror, but there is no such allegation here.  In light of Schneiders request that we make a finding as to the jurys intent concerning the amount of damages based the affidavits of the five jurors, we find no error in the entry of judgment in accordance with the jurys facially valid verdict. 
We also find no error in the ruling of the circuit court requiring an election of remedies.  Again, Schneider seeks to avoid the facially valid verdict of the jury.  The above discussion concerning the charge to the jury and the form of the verdict applies to this related assignment of error.  Moreover, we note that Schneiders claims against the Board arise from the same set of factsthe Boards administration and maintenance of the Regime property.  The trial court properly required an election of remedies in this case where two causes of action went to the jury on an identical set of facts.  See Tomlinson v. Mixon, 367 S.C. 467, 470, 626 S.E.2d 43, 44-45 (Ct. App. 2006) (holding the purpose of the doctrine of election of remedies is to prevent double redress for a single wrong.); see also Inman v. Imperial Chrysler-Plymouth, Inc., 303 S.C. 10, 15, 397 S.E.2d 774, 777 (Ct. App. 1990) ([T]he trial judge should on his own motion require election if he lets both causes of action go to the jury.).   
 AFFIRMED.
HEARN, C.J., KITTREDGE and WILLIAMS, J.J., concur.

[1] The record does not indicate if the remaining seven jurors were contacted.