THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Christopher M.
 Tomlinson, Appellant,
 
 
 
 
 

v.

 
 
 
 Eddie's Towing
 Service, LLC, County Towing and Recovery, LLC, Jimmy's Automotive, and James
 Hoover,  Respondents.
 
 
 
 

Appeal From Lexington County
R. Knox McMahon, Circuit Court Judge 

Unpublished Opinion No.   2010-UP-509
 Submitted November 1, 2010  Filed
November 19, 2010

AFFIRMED

 
 
 
 Frank B. McMaster, of Columbia, for
 Appellant.
 Robert N. Hill, of Newberry, and Adrian L.
 Falgione, of Lexington, for Respondent Eddie's Towing Service, LLC.  
 
 
 

PER CURIAM:  Appellant
 Christopher Tomlinson brought this conversion action against Eddie's Towing
 Service, LLC, County Towing and Recovery, LLC, Jimmy's Automotive, and James
 Hoover to recover damages for the impoundment of his automobile following his
 refusal to pay allegedly excessive towing fees.  In this appeal, Tomlinson
 challenges the circuit court's denial of his motion under Rule 60(b), SCRCP,
 for relief from a judgment denying immediate return of the automobile.  We affirm pursuant to Rule 220(b), SCACR,
 and the following authorities:
1. As to
 whether the circuit court erred in
 finding that the Rule 60(b)(5) motion was not timely filed:  Rule 60(b), SCRCP (requiring a motion
 for relief from a judgment to be made within a reasonable time); Evans v.
 Gunter, 294 S.C. 525, 529, 366 S.E.2d
 44, 46 (Ct. App. 1988) (holding that relief from a judgment is granted for
 extrinsic fraud but not intrinsic fraud).        
2. As to
 whether the circuit court committed
 reversible error in failing to conclude that Tomlinson met the standard for
 relief under Rule 60(b)(5):  Rule 220(c), SCACR ("The appellate court may
 affirm any ruling, order, decision or judgment upon any ground(s) appearing in
 the Record on Appeal."); Rule 60(b)(5), SCRCP (stating that the court may
 relieve a party from a final judgment when "it is no longer equitable that
 the judgment should have prospective application"); Perry v. Heirs at Law of Gadsden, 357 S.C. 42, 48-49, 590 S.E.2d 502, 505 (Ct.
 App. 2003) (stating
 that Rule 60(b)(5) is based on the historical power of a court of
 equity to modify its decree in light of subsequent conditions and that the test
 typically applied to determine whether an order has prospective application is
 whether it is executory or involves supervision of changing conduct or
 conditions by the court) (internal citations omitted); Id. at
 46, 590 S.E.2d at 504 (holding that a party seeking to set aside
 a judgment pursuant to Rule 60(b) has the burden of presenting evidence
 entitling him to the requested relief).  
3. As to
 whether the circuit court committed
 reversible error in concluding that the Rule 60(b)(5) motion was moot:  Jensen
 v. Conrad, 292 S.C. 169, 172, 355 S.E.2d 291, 293 (Ct. App. 1987) (holding that a judgment will not be reversed for
 insubstantial errors not affecting the result).
AFFIRMED.
THOMAS, PIEPER, and
 GEATHERS, JJ., concur.