THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Linda B. Heos, Respondent,
 
 
 

v.

 
 
 
 Alfred M. Lawton, Appellant.
 
 
 

Appeal from Richland County
Joseph M. Strickland, Master-in-Equity

Unpublished Opinion No.  2012-UP-024  
 Heard November 15, 2011  Filed January
25, 2012

AFFIRMED

 
 
 
 Eleanor Duffy Cleary, of Columbia, for
 Appellant.
 James B. Richardson, Jr., and S.R.
 Anderson, both of Columbia, for Respondent.
 
 
 

PER CURIAM:  In this foreclosure action, Appellant Alfred Lawton
 (Purchaser) seeks review of a ruling by the Master-in-Equity interpreting an
 installment land contract as requiring Purchaser to pay 22.31 percent interest
 over a twelve-year period.  Purchaser also challenges the master's refusal to
 consider evidence outside the four corners of the contract on the ground that
 the contract is ambiguous.  We affirm.
1.  As to whether the parties' contract unambiguously required
 Purchaser to pay 22.31 percent interest over a twelve-year period, we find no
 error in the master's conclusion.  The contract required Purchaser to make 144
 payments of $500 each, which produces an annualized interest rate of 22.31
 percent.  This precise provision in the contract is clear and cannot be
 dismissed.  It is also reasonable to interpret the provision stating no interest
 is to be paid "on the payments of this contract" as meaning that no
 interest would accrue on late payments.  Rather, a late payment fee of $2.00
 per day would be imposed.  Therefore, the contract is not ambiguous, and the
 master properly found the parties' contract required Purchaser to pay 22.31
 percent interest over a twelve-year period.  See McGill v. Moore, 381
 S.C. 179, 185, 672 S.E.2d 571, 574 (2009) (holding that a contract must
 be read as a whole "so that one may not create an ambiguity by pointing
 out a single sentence or clause"); S.C.
 Dep't of Natural Res. v. Town of McClellanville, 345 S.C. 617, 623, 550
 S.E.2d 299, 302 (2001) ("A
 contract is ambiguous when the terms of the contract are reasonably susceptible
 of more than one interpretation.").
2.  As to whether the extrinsic written evidence presented by Purchaser
 was barred by the parol evidence rule, we find this evidence post-dated the
 contract, and, thus, was admissible to show a possible modification of the
 contract.  See Adamson v. Marianne Fabrics,
 Inc., 301 S.C. 204, 207, 391 S.E.2d 249,
 251 (1990) (holding that although the terms of a completely integrated
 agreement cannot be varied or contradicted by parol evidence of prior or
 contemporaneous agreements not included in the writing, the rule does not apply
 to subsequent modifications).  
Nonetheless, there is no evidence in the record
 showing consideration given in exchange for any possible modification.  See Layman v. State,
 368 S.C. 631, 640, 630 S.E.2d 265, 269 (2006) ("Once the bargain is formed, and the obligations set, a
 contract may only be altered by mutual agreement and for further consideration."); McPeters v. Yeargin Constr. Co., 290 S.C. 327, 331 350 S.E.2d 208, 211 (Ct. App. 1986) ("Valuable consideration may consist of some
 right, interest, profit or benefit accruing to one party or some forbearance,
 detriment, loss or responsibility given, suffered or undertaken by the other."). 
 Further, Purchaser does not argue the contract was modified, but rather he
 asserts these documents show the intent of the parties at the time they
 executed the contract.  However, because the contract was not ambiguous, the extrinsic
 documents have no probative value as to the parties' intent at the time they
 executed the contract. 
Based on the foregoing, the master's error in
 declining to consider the extrinsic documents that post-dated the contract is
 not reversible.  See Jensen v. Conrad, 292 S.C. 169, 172, 355
 S.E.2d 291, 293 (Ct. App. 1987) (holding that a
 judgment will not be reversed for insubstantial errors not affecting the
 result).     
CONCLUSION
For the foregoing
 reasons, we affirm the master's order.
AFFIRMED.
SHORT, WILLIAMS, and
 GEATHERS, JJ., concur.