**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Rajinder Parmar, Respondent,

v.

Balbir S. Minhas, Midlands Gastroenterology, PC, and Midlands Endoscopy Center, LLC, Appellants.

Appellate Case No. 2017-000994

---

Appeal From Richland County
DeAndrea G. Benjamin, Circuit Court Judge
Jean Hoefer Toal, Circuit Court Judge

---

Unpublished Opinion No. 2019-UP-331
Heard September 10, 2019 – Filed October 9, 2019

---

**AFFIRMED**

---

Robert L. Widener, of Burr & Forman, LLP, of Columbia, for Appellants.

Edward Wade Mullins, III, of Bruner Powell Wall & Mullins, LLC, of Columbia, for Respondent.

---

**PER CURIAM:**  Balbir S. Minhas, Midlands Gastroenterology, PC, and Midlands Endoscopy Center, LLC (collectively, Appellants) appeal the circuit court's order granting Rajinder Parmar's motion to confirm an arbitration award.  Appellants

argue the circuit court erred in (1) failing to find the shareholders' agreements precluded Parmar from recovery; (2) compelling arbitration; (3) failing to vacate the arbitrator's award; (4) failing to reduce the arbitrator's award to avoid double recovery; (5) awarding prejudgment interest; and (6) confirming the arbitrator's award although it was not timely issued.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether the circuit court erred in failing to find the shareholders' agreements precluded Parmar from recovery:  *Gissel v. Hart*, 382 S.C. 235, 241, 676 S.E.2d 320, 323 (2009) ("When a dispute is submitted to arbitration, the arbitrator determines questions of both law and fact."); *C-Sculptures, LLC v. Brown*, 403 S.C. 53, 56, 742 S.E.2d 359, 360 (2013) ("Generally, an arbitration award is conclusive and courts will refuse to review the merits of an award." (quoting *Gissel*, 382 S.C. at 241, 676 S.E.2d at 323)); *Gissel*, 382 S.C. at 241, 676 S.E.2d at 323 ("Case law [to vacate an arbitration award] presupposes something beyond a mere error in construing or applying the law.  Even a 'clearly erroneous interpretation of the contract' cannot be disturbed." (quoting *Trident Tech. Coll. v. Lucas & Stubbs, Ltd.*, 286 S.C. 98, 108, 333 S.E.2d 781, 787 (1985))).

2.      As to whether the circuit court erred in compelling arbitration:  *Zabinski v. Bright Acres Assocs.*, 346 S.C. 580, 597, 553 S.E.2d 110, 118 (2001) ("To decide whether an arbitration agreement encompasses a dispute, a court must determine whether the factual allegations underlying the claim are within the scope of the broad arbitration clause, regardless of the label assigned to the claim.  Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." (internal citations omitted)); *id.* at 598, 553 S.E.2d at 119 ("A broadly-worded arbitration clause applies to disputes that do not arise under the governing contract when a 'significant relationship' exists between the asserted claims and the contract in which the arbitration clause is contained."); *id.* at 597, 553 S.E.2d at 118 ("[U]nless the court can say with positive assurance that the arbitration clause is not susceptible to an interpretation that covers the dispute, arbitration should be ordered.").

3.      As to whether the circuit court erred in failing to vacate the arbitrator's award based on the arbitrator's authority and Rule 7.5 of the American Health Lawyers Association Rules:  S.C. Code Ann. § 15-48-130(a)(3) (2005) (providing a court shall vacate an arbitration award if the arbitrator exceeded his powers); *id.* at § 15-48-130(a) ("[T]he fact that the [arbitrator's] relief was such that it could not or would not be granted by a court of law or equity is not [a] ground for vacating or refusing to confirm the award."); *Gissel*, 382 S.C. at 241, 676 S.E.2d at 323

(stating to vacate an arbitrator's award, the "governing law ignored by the arbitrator must be well defined, explicit, and clearly applicable"); *Helms Realty, Inc. v. Gibson-Wall Co.*, 363 S.C. 334, 339, 611 S.E.2d 485, 487–88 (2005) (holding the appellant has the burden of providing a record sufficient for the appellate court to review).

4.     As to whether the circuit court erred in failing to reduce the arbitrator's award to avoid double recovery:  *Inman v. Imperial Chrysler-Plymouth, Inc.*, 303 S.C. 10, 13, 397 S.E.2d 774, 776 (Ct. App. 1990) (defining election of remedies as "the act of choosing between different remedies allowed by law" based on the same facts); *id.* at 15, 397 S.E.2d at 777 (noting the defendant could raise an election of remedies issue at any stage of the case); *Oaks at Rivers Edge Prop. Owners Ass'n v. Daniel Island Riverside Developers, LLC*, 420 S.C. 424, 443-44, 803 S.E.2d 475, 485–86 (Ct. App. 2017) (finding there was no double recovery for the award of damages where the alleged damages were for different losses).

5.     As to whether the circuit court erred in awarding prejudgment interest: *Fitigues, Inc. v. Varat Enters.*, 813 F.Supp. 1336, 1340 n.1 (N.D. Ill. 1992) (interpreting South Carolina law as permitting the district court to award prejudgment interest despite the arbitrator's failure to award it because the arbitrator did not have the authority to award prejudgment interest for the time between the arbitration award and the district court's confirmation of the award). *See generally* Philip L. Bruner & Patrick J. O'Connor, Jr., 8 Bruner & O'Connor on Construction Law § 21:252, *Awarding Interest* (June 2018) ("Where the arbitrators have authority to award prejudgment interest, it has been held that the trial court may not award interest for the period of time prior to the date of the arbitration award.  Courts generally may award prejudgment interest from the date of the award to the date of the judgment, notwithstanding the failure of the arbitrators to mention post-award interest in their decision.").

6.     As to whether the circuit court erred in confirming the award although it was not timely issued:  S.C. Code Ann. §15-48-90(b) (2005) ("A party waives the objection that an award was not made within the time required unless he notifies the arbitrators of his objection prior to the delivery of the award to him."); *Grant v. Magnolia Manor-Greenwood, Inc.*, 383 S.C. 125, 131, 678 S.E.2d 435, 438 (2009) (requiring strict adherence to the arbitration rules of the agreement where the selection of the rules was an integral part of the arbitration agreement and not merely an ancillary concern).  *See generally* Samuel Estreicher & Steven C. Bennett, *Untimely Arbitration Awards*, 235 N.Y.L.J. No. 59 at 1 (2006) ("[T]he weight of modern authority is that untimeliness of an award is typically not fatal to

enforceability of an award."); *Success Vill. Apartments, Inc. v. Amalgamated Local 376, Int'l Union United Auto. Aerospace & Agric. Implement Workers of Am., UAW*, 380 F.Supp.2d 95, 98 (D. Conn. 2005) (holding that despite state regulations requiring the issuance of arbitration awards at a specific time, there was no basis to set aside the award when the plaintiff did not object to the delay prior to the issuance of the award).

**AFFIRMED.**

**SHORT, THOMAS, and GEATHERS, JJ., concur.**