The Court

said that, since the argument, the principal point in the cause had received a decision in other counties. (1) *Had the assignment of the limits in this case by the Court of Sessions been legal, it is very clear that there would have been no forfeiture of the bond. The statutes of 1808, c. 92, and 1809, c. 33, have confirmed this, among other assignments by the Sessions. The objections to these statutes, as being ex post facto, and as tending to impair the obligation of contracts, do not apply to them. The objection of ex post facto applies to laws respecting crimes only. That respecting the obligation of contracts, as we all know, was provided against paper money, instalment laws, &c. (a) It would be carrying it much beyond its natural import, as well as its intended operation, to construe it as prohibiting the legislatures of the states to pass a law confirming the doings of courts or other public bodies known to the law. Such is the purport and direct effect of the acts objected to by the plaintiff in this case. The objection cannot prevail. The verdict must therefore be set aside, and a verdict entered for the defendants, viz., that Dane did not commit an escape.

 8 Mass. Rep. 468, Walter vs. Bacon & Al.— Ante, p. 153, Patterson vs. Philbrook & Al.

 [Calden vs. Ball, 3 Dall. 386. — But see Dash vs. Vankleek, 7 Johns. Rep. 477 — The People vs. Platt, 17 Johns. 195. — Kent. Com. vol. i. Lect.20. —Ogden vs. Saunders, 12 Wheat. 213. — Sturges vs. Crowningshield, 4 Wheat. 206. — Dartmouth College vs, Woodward, 4 Wheat. 518.—Ed.]