19719

The STATE, Appellant, v. William Edison CHAVIS, Respondent.

(200 S. E. (2d) 390)

*Messrs. Daniel R. McLeod, Atty. Gen.* and *Hutson S. Davis, Jr., Asst. Atty. Gen.,* of Columbia, *for Appellant,* cite:

*William O. Kneece, Esq.,* of Columbia, *for Respondent.*

November 6, 1973.

BUSSEY, Justice:

This is an appeal from an order of the Honorable John A. Mason, Judge, Richland County Court, dated May 7, 1973, ordering the South Carolina Highway Department to reinstate the motor vehicle driver's license of the respondent, which had previously been suspended by the Department.

Respondent Chavis was arrested by a Columbia City policeman on December 1, 1971, and charged with the violation of Sec. 46-343 of the 1962 Code of Laws of South Carolina (driving under the influence of intoxicating liquor). Chavis refused to submit to a breathalyzer test and his trial was set for December 14, 1971, but was continued until March 7, 1972, at least inferentially on the motion of Chavis. On the latter date, he was tried and convicted by a jury before a municipal judge of the City of Columbia.

Due to reasons or circumstances not at all mentioned or explained in the record, the South Carolina Highway Department was not notified of either Chavis' refusal to submit to the breathalyzer test or his conviction until on or about February 1, 1973. Upon receipt of notice that he had re-

fused to submit to the breathalyzer test, the Department notified him on February 8, 1973, that his license would be suspended for a period beginning February 8, 1973 and ending May 8, 1973, in compliance with Sec. 46-344(d), supplement to the 1962 Code of Laws of South Carolina, for failure to submit to the breathalyzer test. Following receipt of notice of respondent's conviction of driving under the influence of intoxicating liquor, the Department on February 22, 1973, notified him that his driver's license would be suspended for a further period beginning May 8, 1973 and ending November 8, 1973, in compliance with the provisions of Sec. 46-348 of the Code.

Approximately two months after Chavis received his first notice of suspension, this proceeding was commenced on April 9, 1973, when Judge Mason issued a rule to show cause why Chavis' driver's license should not be returned to him along with restoration of full driving privileges. By agreement of counsel the case was submitted on the record without argument, and, on May 7, 1973, Judge Mason issued the order now appealed from.

The above related facts are all gleaned from the agreed statement of the case, the record before us containing no pleadings, no exhibits, and no other evidence. The order of Judge Mason contains no additional facts and was predicated upon his conclusions that the length of time elapsing between Chavis' refusal and conviction and the subsequent suspensions was unreasonable; that the Department was, therefore, estopped from effecting the suspensions; and that under the circumstances, the suspensions violated basic fairness and, therefore, the due process of law provisions of both State and Federal Constitutions.

It should be noted at the outset that there is no contention or suggestion that there was any reasonable delay on the part of the South Carolina Highway Department once it received the appropriate notices, and no other suggestion of any improper conduct on the part of the Department

itsèlf. The parties responsible for the delays in sending the notices to the Department are not parties to this proceeding and the record contains no evidence as to the circumstances occasioning the delay. The record is devoid of any evidence tending to give rise to an inference of any prejudice to Chavis from the delay of the local officials in reporting to the Highway Department. Chavis was himself charged with knowledge of the law, and that thereunder his license was required to be suspended. There is nothing in the record to suggest that he sought, wished or desired to have the suspensions promptly ordered so that he could get them behind him. For aught the record shows, he simply kept quiet and continued to drive in the hope that his license suspensions would somehow or other get overlooked and never be imposed.

Except for the due process clauses of the Constitutions, Judge Mason cited no authority for the conclusions which he reached and we know of none. It is elementary that one has no standing to challenge the constitutionality of a statute unless his rights have been invaded and injuriously affected thereby. See cases collected in West's South Carolina Digest, Constitutional Law, Key No. 42. It follows that the respondent Chavis here has no standing to challenge on constitutional grounds the enforcement of the various statutory provisions by the Highway Department in the absence of injury or prejudice resulting to him from the delay which injury he simply has not shown.

Assuming, without deciding, that there might be circumstances under which it could be successfully argued or soundly held that the State had no right to suspend a driver's license after a long delay, this is clearly not such a case. The Highway Department in ordering the suspensions merely carried out the mandatory duties imposed upon it by the statutory provisions. The respondent was not entitled to any notice from the Department prior to suspension, the statutory provisions themselves being

sufficient notice. *Parker v. State Highway Department,* 224 S. C. 263, 78 S. E. (2d) 382; *Herndon v. S. C. State Highway Department,* 226 S. C. 384, 85 S. E. (2d) 287.

No case precisely in point on the facts from this or any other jurisdiction has been cited to us or come to our attention. The question of the effect, if any, of delay in imposing a suspension of a driver's license has been considered under a variety of circumstances by a number of courts. The only case coming to our attention wherein a driver was afforded relief because of delay is that of *Commonwealth v. Kaufman,* 3 Pa.Cmwlth. 605, 284 A. (2d) 838. In that case, which is completely distinguishable from the instant case, the driver made a strong showing of substantial prejudice from a very long delay, not by a reporting official but by the official whose duty it was to impose the suspension. While no one is precisely in point factually, all other cases coming to our attention support the proposition that where, as in the instant case, there is nothing other than an unexplained delay on the part of the reporting officials, unaccompanied by any showing of real prejudice to the driver, the driver is not entitled to any relief because of delay in imposing the suspension. *Heller Motor Vehicle Operator License Case,* 196 Pa.Super. 340, 175 A. (2d) 305; *Kroh v. Commonwealth,* 7 Pa. Cmnwlth. 390, 297 A. (2d) 829; *Ellis v. Dept. of Motor Vehicles,* 51 Cal. App. (2d) 753, 125 P. (2d) 521 (Cal.); *Barton v. Hults,* 23 Misc. (2d) 861, 198 N. Y. S. (2d) 539; *Simpson v. Garrett,* 15 N. C. App. 449, 190 S. E. (2d) 251.

In our view the judgment of the lower court was clearly in error under the facts and circumstances of this case. His order was, in effect, a mandatory injunction against the State requiring it to restore respondent's driving privileges despite the mandatory statutory provisions, the validity or constitutionality of which are not challenged. Counsel for appellant has raised no question as to the jurisdiction of the court to issue such a decree and we intimate no opinion

thereabout since the judgment below must be reversed regardless of any question of jurisdiction.

Reversed.

Moss, C. J., and Lewis, Brailsford and Littlejohn, JJ., concur.