STEPHEN J. DORIS *vs.* POLICE COMMISSIONER OF BOSTON.

Suffolk. December 8, 1977. — February 21, 1978.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, WILKINS, & LIACOS, JJ.

*Municipal Corporations,* Police, "Home rule." *Police. Constitutional Law,* "Home Rule Amendment." *Due Process of Law,* Vagueness of statute. *Estoppel. Public Employment. Boston. Words,* "Reside."

General Laws c. 41, § 99A, and c. 31, § 48A, are both statutes of general applicability and do not, therefore, violate § 8 of the Home Rule Amendment. [445-447]

The words "reside" and "residence" as used in G. L. c. 41, § 99A, and c. 31, § 48A, are not unconstitutionally vague and are used to designate the location of the employee's house or other dwelling place. [447-449]

The fact that the police commissioner of Boston failed to enforce the provisions of G. L. c. 41, § 99A, for a number of years did not act as an estoppel to bar enforcement. [449-450]

General Laws c. 41, § 99A, is not a criminal statute and thus the constitutional prohibitions against ex post facto laws do not apply to its enforcement. [450]

CIVIL ACTION commenced in the Superior Court on July 21, 1976.

The case was reserved and reported to the Appeals Court by *Lynch,* J., on a statement of agreed facts. The Supreme Judicial Court, on its own initiative, ordered direct review.

*Frank J. McGee, Jr. (Gerard S. McAuliffe* with him) for the plaintiff.

*John W. Fieldsteel (Nicholas Foundas* with him) for the defendant.

LIACOS, J. A judge of the Superior Court reserved and reported this case to the Appeals Court without decision on August 9, 1976, pursuant to Mass. R. Civ. P. 64, 365 Mass. 831 (1974), and G. L. c. 231, § 111. The report was made at the request of the parties, the parties having agreed in

writing as to all the material facts. We transferred the case here on our own motion.

The plaintiff is an officer of the Boston police department. His complaint sought injunctive and declaratory relief based on the alleged unconstitutionality of G. L. c. 41, § 99A, under various provisions of the Massachusetts and United States Constitutions.[1] Section 99A, as appearing in St. 1971, c. 956, § 1, provides in full: "The members of the regular police department of a city or town may reside outside said city or town; provided, they reside within the commonwealth and within ten miles of the limits of said city or town." The plaintiff also sought a declaration as to the meaning of the term "reside" as used in that section. Subsequently, with the assent of the defendant police commissioner of Boston, the plaintiff amended his complaint to include as a class other Boston police patrolmen similarly situated.

We conclude that the statutes in question are constitutional and valid. We hold also that the word "reside" is used to designate the physical location of the employee's house or other dwelling place.

The relevant facts may be summarized from the parties' stipulation of fact. The plaintiff is representative of a class of approximately 200 Boston police officers who reside out-

---

[1] The constitutionality of § 99A was attacked on the grounds that it violates the Home Rule Amendment, art. 89, amending art. 2 of the Amendments to the Constitution of the Commonwealth, as well as the prohibitions against ex post facto laws found in art. 1, § 10, of the United States Constitution, and art. 24 of our Declaration of Rights. The plaintiff also charged in his complaint that the defendant subjected him to the "selective and discriminatory application" of the statute in violation of the Fourteenth Amendment to the United States Constitution, and art. 1 of our Declaration of Rights. This latter contention of discriminatory application is not pursued in his brief and, thus, we do not reach it. Nor does the plaintiff now argue that the statute in question is unconstitutional under other provisions of the United States Constitution. We note that the Federal constitutionality of residency statutes and ordinances relating to municipal employees has been upheld. See *McCarthy* v. *Philadelphia's Civil Serv. Comm'n,* 424 U.S. 645 (1976). See also *Andre* v. *Trustees of Maywood,* 561 F.2d 48 (7th Cir. 1977), and cases cited therein.

side the city of Boston but within the Commonwealth, and whose actual physical places of residence are geographically located more than ten miles from the city limits. However, some members of the class reside in cities or towns, the limits of which are within ten miles of the limits of the city of Boston. On July 13, 1976, the defendant mailed to members of the class letters which asserted that, according to Boston police department records, the recipients of the letters did not reside within ten miles of the limits of Boston. The defendant further stated: "Accordingly you are in apparent violation of Boston Police Department Rule 102, s. 7 in conjunction with Massachusetts General Laws Chapter 41 s. 99A and Chapter 31 s. 48A . . .."[2] The letters concluded that failure satisfactorily to explain noncompliance with the statutes and regulations before July 23, 1976, would result in the initiation of "appropriate proceedings against you." The parties stipulated that "[e]nforcement of G. L. c. 41 s. 99A and G. L. c. 31 s. 48A against members of the class would cause a substantial financial, social and educational impact upon the members of the class and their families." On July 21, 1976, the parties signed a stipulation that the defendant would refrain from enforcing the said statutes and regulations pending final judicial determination of the controversy.

1. The plaintiff attacks G. L. c. 41, § 99A, and G. L. c. 31, § 48A, on the ground that both statutes conflict with the Home Rule Amendment, art. 89, amending art. 2 of the Amendments to the Constitution of the Commonwealth. Section 8 of the Home Rule Amendment provides in perti-

---

[2] General Laws c. 31, § 48A, as amended through St. 1974, c. 835, § 135, provides in part: "No applicant for appointment to the police force or fire force of a city or town shall be required by rule or otherwise, to be a resident of such city or town at the time of filing his application for examination for such appointment; provided, however, that notwithstanding the provisions of any general or special law to the contrary, any person who receives an appointment to the police force or fire force of a city or town shall within nine months after his appointment establish his residence within such city or town or at any other place in the commonwealth that is within ten miles of the perimeter of such city or town."

nent part: "The general court shall have the power to act in relation to cities and towns, but only by general laws which apply alike to all cities, or to all towns, or to all cities and towns, or to a class of not fewer than two, and by special laws . . . [meeting certain requirements]." It is the plaintiff's theory that the requirements of §§ 99A and 48A violate this constitutional directive in that residency questions are best left to the municipalities. He contends that the State has only a "remote interest" in matters such as the residency of city workers and, therefore, "is insensitive to the needs and desires of particular municipalities regarding residency requirements."

We find no merit in the plaintiff's argument. This is clearly not a case in which a statute has focused on the "local matters" of a "particular city or town." See *Opinions of the Justices,* 356 Mass. 775, 787-788 (1969). To the contrary, the provisions of §§ 99A and 48A apply equally by their terms to all cities and towns in the Commonwealth. Indeed, the plaintiff does not seriously contest the uniform applicability of the statutes, but emphasizes instead the "local" nature of the residency question. Even if we were required directly to consider this argument, we could not conclude that the obvious purpose of the statutes — to ensure the availability of police or fire personnel in times of emergency — was not a matter involving the general welfare of all the residents of this Commonwealth. However, such an inquiry is not called for under the very limited scope of prohibition imposed on the Legislature by § 8 of the Home Rule Amendment. See *Arlington* v. *Board of Conciliation & Arbitration,* 370 Mass. 769, 773-774 (1976). This prohibition extends to laws that apply to a class of fewer than two cities and towns, thereby clearly evidencing a concern that no city or town be singled out for special treatment. There is no restriction in § 8 on the subject matter of statutes of general applicability. We have repeatedly asserted that the Legislature "may restrict local legislative action or deny municipalities power to act at all," *Arlington, supra* at 773, quoting from *Bloom* v. *Worcester,* 363 Mass.

136, 144 n.4 (1973). Whether the problems associated with residency requirements would better be left to municipal government rather than to the State Legislature is therefore entirely within the discretion of the Legislature to decide. See Home Rule Amendment, § 1. The 1971 amendment to § 99A deleted the qualifying phrase: "In any city or town which accepts this section." St. 1971, c. 956, § 1. This action by the Legislature indicated a clear intent to withdraw discretion from the municipalities and impose the restriction as a matter of Statewide policy. Section 8 of the Home Rule Amendment presents no bar to the adoption of that legislative policy.

2. The plaintiff next contends that the two statutes are unconstitutionally vague because of the ambiguity of the word "reside." The two "plausible definitions" identified by the plaintiff are, first, that "reside" means the actual physical location of the employee's house and, second, that it refers to the municipality in which the employee's house is located. We note that G. L. c. 31, § 48A, does not use the word "reside," but requires that a police or fire department employee "establish his residence" within the city or town which makes the appointment or "at any other place" in the Commonwealth that is within ten miles of the perimeter of the city or town of employment.

We do not believe that the constitutional "vagueness" doctrine is pertinent to this situation. We are not here concerned with a criminal statute or with a statute that improperly burdens or chills fundamental rights. See generally Note, The Void-for-Vagueness Doctrine in the Supreme Court, 109 U. Pa. L. Rev. 67 (1960). Moreover, to the extent that any ambiguity or vagueness exists, it is our responsibility to resolve the problem by interpreting the statutes in accordance with their terms and with regard to their purposes. See *Shepard* v. *Finance Assocs. of Auburn, Inc.*, 366 Mass. 182, 190 (1974) (meaning of term "residence" depends "upon the phraseology of the particular statute, the relation of the term to the remaining words employed, and the aim and object intended to be accomplished by the Leg-

islature"). In this instance we have no difficulty in ascertaining the intended meaning of the terms "reside" and "residence" as used in G. L. c. 41, § 99A, and G. L. c. 31, § 48A, respectively. As we noted previously, the clear objective of the residency requirements is to ensure that police officers (and fire personnel under § 48A) can be mobilized quickly in times of need. To this end, it is required that police (and fire) personnel reside within ten miles of the city or town of employment. This establishes a somewhat arbitrary, but nonetheless definite, outer limit on the geographic distance[3] between the city limits and the location of the employee's house or other dwelling place. This, in turn, fixes, albeit to a less definite degree, the range of response times should the presence of the officer be required in the city or town of employment.

Certain variables, such as availability of roads and road conditions, will inevitably result in a range of response times rather than a predictable minimum time. However, this relatively small degree of uncertainty and unevenness in application would be magnified many times if the plaintiff's interpretation of the statutes were adopted. He argues that personnel should be allowed to live in any city or town that has a border within ten miles of a border of the city or town of employment. Depending on the size and shape of the two cities or towns, the police (or fire) officers could be located twenty, thirty, or more miles from the scene of an emergency. We do not believe that we fairly can attribute to the Legislature the intention of introducing the potential for such wide variations in the effectiveness of the residency requirements. We therefore conclude that the statutes intend by the terms "reside" and "residence" to designate the physical location of the employee's house or other dwelling place as the relevant measuring point. Such dwelling place

---

[3] We interpret the ten-mile limitation as referring to "air" miles, as may be computed by measuring the straight line distance between two points on a map. See *Burke* v. *Chief of Police of Newton, post* 450 (1978), decided this day.

must be within ten miles of the nearest border of the city or town of employment.

3. Finally, the plaintiff contends that the doctrine of equitable estoppel must be invoked to bar enforcement of the statutory residency requirements, at least as to those who have relied on the defendant's previous failure to attempt to enforce the provisions. Neither the pleadings nor the stipulation of fact properly raises this issue. *Building Inspector of Lancaster* v. *Sanderson,* 372 Mass. 157, 162 (1977). The plaintiff's claim, nevertheless, is that the lack of enforcement of the statute induced Boston police officers to purchase homes in cities and towns surrounding Boston on the presumption that § 99A was a "dead letter."[4] It would indeed be a most serious consequence if we were to conclude that the inattention or inactivity of government officials could render a statute unenforceable and thus deprive the public of the benefits or protections bestowed by the Legislature. The plaintiff cites no decision of this court that would support his position in this regard. The public interest in the enforcement of the laws of the Commonwealth cannot be defeated by failures of public officials to perform their duties. See *Building Inspector of Lancaster* v. *Sanderson, supra; New City Hotel Co.* v. *Alcoholic Beverages Control Comm'n,* 347 Mass. 539, 542 (1964) (estoppel may not be invoked because of action of officials if result is to defeat operation of statute). Nor do we find persuasive the additional "aggravating factors" referred to in passing by the plaintiff in his brief. There is no adequate basis in the agreement of material facts to support the contention that the statute was being enforced in retribution for union activities, and we would not ordinarily inquire into the

---

[4] The plaintiff does not contend that he was given assurances by any official that the statutes would not be enforced or would be enforced according to any particular interpretation of their meaning. Nor does he assert that such assurances or clarifications were even sought. His claim of inducement therefore appears more like an argument of desuetude than of estoppel.

motives for the even-handed enforcement of a valid statute. We also reject the assertion that the retroactive application of § 99A [5] renders the statute invalid as an ex post facto provision. See art. 24 of our Declaration of Rights; art. 1, § 10, of the United States Constitution. Section 99A is not a criminal or penal statute, and thus the constitutional prohibitions against ex post facto laws do not apply. See *Reale* v. *Superior Court*, 265 Mass. 135, 138-139 (1928); *Locke* v. *Dane*, 9 Mass. 359, 362 (1812). The statute effects a change in the civil law, to which police officers must conform as a condition of their continued employment. The effects of any change in the laws may be harsh as applied to certain individuals, but such hardship does not render a statute invalid as an ex post facto law.

4. We remand the case to the Superior Court for proceedings consistent with this opinion.

*So ordered.*

────────

[5] Statute 1971, c. 956, § 2, provides that the section applies to police officers appointed "prior to and subsequent to the effective date" of the statute.