1851

Eugene M. FLOWERS, Steve Flowers, Frederick A. Miller, III, Gerald L. Millis & Fred A. Miller, Jr., d/b/a Stuckey's of Coosawhatchi, Inc. & Clarence J. Fennell, Appellants v. SOUTH CAROLINA DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, Respondent.

(419 S.E. (2d) 832)

Court of Appeals

*J. Robert Peters, Jr., Peters, Murdaugh, Parker, Eltzroth &
Detrick,* Hampton, *for appellants.*

*William Todd, S.C. Dept. of Highways and Public Transp.,*
Columbia, *for respondent.*

Heard June 10, 1992.

Decided July 13, 1992.

GOOLSBY, Judge:

This action involves the review under the South Carolina
Administrative Procedures Act, S.C. Code, Ann. §§ 1-23-310
*et seq.* (1986), of a decision by South Carolina Department of
Highways and Public Transportation that an outdoor adver-
tising sign owned by Eugene M. Flowers, Steve Flowers,
Frederick A. Miller, III, Gerald L. Millis, and Fred A. Miller,
Jr., doing business as Stuckey's of Coosawhatchi, Inc., and
erected on land belonging to Clarence J. Fennell was an ille-
gal, nonconforming sign under the Highway Advertising Con-
trol Act, S.C. Code Ann. §§ 57-25-110 *et seq.* (1991). The sign
lies adjacent to Interstate-95 in Hampton County and it ad-
vertises Stuckey's store. Stuckey's and Fennell appeal the
order of the circuit court affirming a hearing officer's decision
upholding the Department's action in ordering removal of the
sign. The issues on appeal are whether there is substantial ev-
idence on the whole record to support the Department's deci-
sion, whether a contract exists between the parties that al-
lows the sign to remain in place, and whether the Department
is estopped from ordering the sign's removal. We affirm.

## I.

We disagree with Stuckey's and Fennell's contention
that substantial evidence on whole record does not sup-
port the Department's finding that the sign in question
was not erected before November 3, 1971, the effective date
of the Highway Advertising Control Act. 57 STAT. Act No.
930 § 13, at 2070 (1971).

On November 22, 1971, the Department conducted an in-

ventory of all signs along Interstate-95 to ensure compliance with the Highway Advertising Control Act. The inventory reflects the Stuckey's sign was not among those listed. This evidence, though negative in character, is sufficient to support the challenged finding. *See* 32A C.J.S. *Evidence* § 1037, at 715-17 (1964) (evidence of a negative character may be sufficient to support a finding); *cf.* FED. R. EVID. 803(7) (the hearsay rule does not exclude the admission of evidence that a matter is not included in a report of conditions kept in the course of regularly conducted business activity to prove the nonoccurrence or nonexistence of the matter); 2 McCORMICK ON EVIDENCE § 287, at 268 (4th ed. 1992) ("Sometimes the absence of an entry relating to a particular transaction is offered as proof that no such transaction took place.").

Neither the evidence that the creosote posts used by the sign bore inscriptions reflecting the posts were manufactured on May 4, 1971, nor the evidence that Fennell recollected including rental income from the sign on his 1972 federal tax return necessarily establishes the sign's emplacement before the effective date of the Highway Advertising Control Act.

While it is true the sign in question did have affixed a permit tag issued to Stuckey's by the Department on July 12, 1973, the tag, the evidence shows, related to a now abandoned sign that stands in another county, along a different highway, and on property belonging to a different owner.

## II.

We need not address the issue regarding whether, as Stuckey's and Fennell phrase it, "the parties . . . reach[ed] an agreement in 1974 to allow the sign to remain in place as a legal sign." The circuit court did not rule on this issue and Stuckey's and Fennell did not move pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure asking it to do so. *See Bailey v. Covil Corp.*, 291 S.C. 417, 354 S.E. (2d) 35 (1987) (an APA case in which the Supreme Court held the appellants could not raise an issue on appeal where they did not move to amend the circuit court's order for failure to consider the issue); *Talley v. South Carolina Higher Education Tuition Grants Committee*, 289 S.C. 483, 347 S.E. (2d) 99 (1986) (an issue raised but not ruled on in the trial court is not preserved and the complaining party must move before the trial court to

amend the judgment pursuant to Rule 59(e), SCRCP); *Roberts v. Dunbar Funeral Home*, 288 S.C. 48, 339 S.E. (2d) 517 (Ct. App. 1986) (the Court of Appeals will not consider matters not ruled on by the trial court).

## III.

Turning to the issues of estoppel, the issue of whether the Department is collaterally estopped from requiring Stuckey's and Fennell to remove their sign was neither raised in nor ruled on by the trial court; therefore, the issue was not preserved and need not now be considered. *See Rental Uniform Service of Greenville, South Carolina, Inc. v. K & M Tool and Die, Inc.*, 292 S.C. 571, 357 S.E. (2d) 722 (Ct. App. 1987) (the Court of Appeals will not address a question not raised in and passed on by the trial court).

Regarding the issue of equitable estoppel, Stuckey's and Fennell point to the failure of the Department for over sixteen years to require the removal of the sign. They argue this delay estops the Department from ordering the sign's removal.

In a letter dated June 7, 1974, the Department notified Stuckey's that its sign was an illegal, nonconforming sign and that the Department would take "necessary action to remove it as an illegal sign" if Stuckey's did not remove it within 60 days following receipt of the letter. The Department waited until February 9, 1989, to take the necessary action.

The mere delay by the Department in requiring the sign's removal, however, does not work an estoppel against the Department's enforcement of the Highway Advertising Control Act. *See State v. Chavis*, 261 S.C. 408, 200 S.E. (2d) 390 (1973) (the State held not estopped to suspend the driver's license of a defendant convicted of driving under the influence because of a one-year delay in suspending his license); *Doris v. Police Commissioner of Boston*, 374 Mass. 433, 373 N.E. (2d) 944, 4 A.L.R. 4th 373 (1978) (inattention or inactivity of government officials does not render a statute unenforceable so as to deprive the public of the benefits and protections afforded by the legislature); *cf. Outdoor Advertising Board v. Sun Oil Company of Pennsylvania*, 8 Mass. App. Ct. 872, 391 N.E. (2d) 916 (1979) (the Outdoor Advertising Board held not estopped to commence an action to remove a sign where six

years earlier the board indicated the sign was lawful and fell under another's jurisdiction). Indeed, Stuckey's and Fennell have benefitted by the long delay in that the sign, which the Department deemed an illegal, nonconforming sign, has provided Stuckey's with advertising and Fennell with income that each, as it turned out, would not have had if the Department had acted more quickly to enforce the statute.

Affirmed.

CURETON, J., and BRUCE LITTLEJOHN, Acting Judge, concur.