503 S.E.2d 481

**COLLINS MUSIC COMPANY, INC., Appellant,**

**v.**

**C.W. SMITH, d/b/a West Ashley Tackle Shop, and Holliday Amusement Company, Respondents.**

**No. 2855.**

Court of Appeals of South Carolina.

Submitted June 2, 1998.

Decided June 15, 1998.

Rehearing Denied Aug. 20, 1998.

Stephen P. Groves, Sr., Edward D. Buckley, Jr., and Stephen L. Brown, all of Young, Clement, Rivers & Tisdale, Charleston, for appellant.

F. Truett Nettles, II, of Hollings & Nettles; and Richard S. Rosen, of Rosen, Goodstein & Hagood, Charleston, for respondents.

GOOLSBY, Judge:

Collins Music Company ("Collins") brought this action against C.W. Smith for breach of contract and against Holliday Amusement Company ("Holliday") for tortious interference with contractual relations. The jury awarded Collins $10,000 actual damages for the breach-of-contract claim and

$10,000 actual damages for the tortious-interference-with-contractual-relations claim. The trial court granted Smith and Holliday's motion to alter, amend, or clarify the judgment and entered a single judgment of $10,000 against the defendants. Collins appeals, and we affirm.

Smith, owner of the West Ashley Tackle Shop, executed an exclusive contract with Collins to install Collins's coin operated amusement machines in the tackle shop. After many years of successfully dealing with Collins, Smith contacted Holliday about placing Holliday's machines in the tackle shop. Holliday installed its machines in the tackle shop, disconnected Collins's machines, and placed them aside.

This action followed.

## I. Consolidation of the Verdict

Collins argues the trial court erred in consolidating the verdict into a single amount. It is well settled in this state that "there can be no double recovery for a single wrong and a plaintiff may recover his actual damages only once." *Taylor v. Hoppin' Johns, Inc.,* 304 S.C. 471, 475, 405 S.E.2d 410, 412 (Ct.App.1991); *Inman v. Imperial Chrysler–Plymouth, Inc.,* 303 S.C. 10, 397 S.E.2d 774 (Ct.App.1990). Cases elsewhere are on point, particularly *Ross v. Holton,* 640 S.W.2d 166 (Mo.Ct.App.1982). There, the court explained:

> While the causes of action [of breach and tortious interference] involve separate and distinct wrongful acts committed by different parties, there are important commonalities which affect the damages question. The nexus between the two causes of action is the breach of the contract, for ... breach of the contract is an element of both causes of action. This is the element from which the injured party's actual damages flow on both the contract and tort claims. This does not mean, however, that the measure of actual damages on both causes of action are coextensive.
>
> Under the contract claim the injured party can recover actual damages for the direct and natural consequences of the breach, or for damages that were within the contemplation of the contracting parties. The damages recoverable for intentional interference are not measured by contract rules. The injured party can recover from the tortfeasor:

the pecuniary loss of the benefits of the contract; conse-
quential losses for which the interference is the legal cause;
and, emotional distress or actual harm to reputation if they
are reasonably to be expected to result from the interfer-
ence. Thus, the actual damages under the contract claim
and tort claim will be coextensive only with respect to the
lost benefits of the contract which were a direct and natural
consequence of the breach, or within the contemplation of
the contracting parties....

[The plaintiff] cannot collect double recovery (once from
each defendant) for actual damages which are coextensive
under the contract and tort claims.

*Id.* at 173 (citations omitted); *see also Charles River Constr.
Co. v. Kirksey,* 20 Mass.App.Ct. 333, 480 N.E.2d 315 (1985)
(holding damages suffered by builder for tortious interference
with developers by second builder and real estate broker were
subsumed in contract damage award in absence of evidence of
an out-of-pocket loss to justify additional recovery); *TSC
Indus., Inc. v. Tomlin,* 743 S.W.2d 169, 172 (Tenn.Ct.App.
1987) ("[T]he damages recoverable for the pecuniary loss of
the contract are common to both the action for breach and the
action for inducement[;] [t]herefore, ... any payments made
by the one who breaches the contract must be credited in
favor of the one who induced the breach.").

Here, Collins neither pleaded nor proved any damages
other than those damages that were the direct and natural
consequence of the breach of contract. The trial court, there-
fore, did not err in entering a single judgment for $10,000.

## II. New Trial on Damages Only

■ Collins also argues it should have received a new trial
on damages because the jury's award was insufficient. We
disagree.

The verdict was within the range of the testimony at trial,
and the trial court did not abuse its discretion in denying the
motion for a new trial on damages. *See Pelican Bldg. Ctrs. v.
Dutton,* 311 S.C. 56, 427 S.E.2d 673 (1993) (holding motions
for new trial on grounds of either excessiveness or inadequacy
are addressed to sound discretion of the trial court). Al-
though Collins's expert agreed that damages are best calculat-

ed by lost net profits, he relied upon expected gross revenues to arrive at damages of $39,943.44. Smith and Holliday then offered evidence suggesting that, to calculate net profits, ninety percent of gross revenue should be deducted for expenses. Such a calculation yields actual damages of only $3,994.34. The conflict in the evidence as to the precise amount of the damages was one for the jury to resolve, and the jury's verdict of $10,000 is within the range of the evidence.

**AFFIRMED.**

HOWELL, C.J., and CURETON, J., concur.