THE STATE OF SOUTH CAROLINA

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Collins Music Company,       
Respondent/Appellant,
 
 
 

v.

 
 
 
John K. Lambrou, James Manos, Mark
Petropoulos, 
 and Frontier Amusement Co.,        Defendants,
 
 
 

and

 
 
 
W.A. Davis,       
Third-Party Defendant,
Of whom Mark Petropoulos is       
Appellant/Respondent,
 
 
 

Appeal From Greenville County
John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2003-UP-460
Heard April 8, 2003  Filed July 8, 
 2003

REMANDED

 
 
 
Jeffery Falkner Wilkes, of Greenville, for Appellant/Respondent.
Russell D. Ghent, of Greenville and Scott Michael Mongillo, 
 of Mt. Pleasant, for Respondent/Appellant.
 
 
 

 PER CURIAM:  Collins Music Company 
 (Collins) entered into an exclusive contract with John Lambrou to provide 
 video-gaming equipment to Lambrous restaurant and bar business.  Collins was 
 ordered to remove the equipment from the business location after Lambrou leased 
 his business premises to Mark Petropoulos.  Collins then sued Lambrou for breach 
 of contract and Petropoulos for tortious interference with contractual relations.  
 A jury returned verdicts in favor of Collins on both causes of action.  Petropoulos 
 moved for judgment notwithstanding the verdict (JNOV) and a new trial, both 
 of which were denied. Petropoulos appeals, arguing the circuit court erred by 
 denying his motions for JNOV and a new trial.  Petropoulos also argues allowing 
 Collins to enforce the judgment against him would grant an impermissible double 
 recovery.  We remand.
FACTUAL/PROCEDURAL BACKGROUND
Lambrou operated a restaurant/bar known as The Hourglass 
 (the business). Collins operated a video-amusement-device business.  In 1988, 
 Lambrou and Collins contracted to make Collins the sole provider of video-gaming 
 devices for the business (the Lambrou contract). The Lambrou contract states 
 that if Lambrou sold or assigned his interest in the business, Lambrou would 
 provide for the assumption of its terms by the purchaser.
On February 20, 1995, Lambrou and Petropoulos entered 
 into a lease contract (the lease contract) whereby Petropoulos became the 
 successor to the Lambrou contract.  The lease contract specified Petropoulos 
 agreed to fulfill Lambrous contractual obligations under the Lambrou contract.
Subsequently, Petropoulos removed Collins machines 
 and contracted with Frontier Amusement Company (Frontier) to provide video-gaming 
 devices for Petropoulos business, The New Hourglass (the new business).  

Collins sued Lambrou, Petropoulos, and Frontier 
 for breach of contract and Petropoulos for tortious interference with contractual 
 relations, [1] and a jury awarded Collins $33,433.85 
 against Lambrou for breach of contract and $33,433.85 against Petropoulos for 
 tortious interference with contractual relations.  Petropoulos filed motions 
 for JNOV and a new trial, which were denied.  
Subsequently, Lambrou settled with Collins, agreeing 
 to pay Collins $44,905.00.  Petropoulos appeals, arguing the circuit court erred 
 by denying his motion for JNOV and a new trial.  Additionally, he argues permitting 
 Collins to collect judgment for tortious interference with contractual relations 
 would allow Collins an impermissible double recovery. [2] 
LAW/ANALYSIS
I.       Motion for JNOV 
Petropoulos argues the circuit court erred 
 by denying his motion for JNOV because no evidence exists in the record to support 
 Collins claim for tortious interference with contractual relations. [3]   We disagree. 
In ruling on motions for directed verdict or judgment 
 notwithstanding the verdict, the trial court is required to view the evidence 
 and the inferences that reasonably can be drawn therefrom in the light most 
 favorable to the party opposing the motions.  Steinke, 336 S.C. at 386, 
 520 S.E.2d at 148.  The trial court must deny the motions when the evidence 
 yields more than one inference or its inference is in doubt.  Welsh v. Epstein, 
 342 S.C. 279, 300, 536 S.E.2d 408, 418 (Ct. App. 2000) (This Court will reverse 
 the trial court only when there is no evidence to support the ruling below.  
 Id.; Mahaffey v. Ahl, 264 S.C. 241, 246, 214 S.E.2d 119, 121 (1975) 
 (It is elementary that in considering whether the court below erred in refusing 
 [a motion for JNOV] . . . we must view the evidence and the inferences reasonably 
 deducible therefrom in a light favorable to the respondent.).   
To establish an action for intentional 
 interference with a contract, the plaintiff must establish (1) the existence 
 of the contract;  (2) the wrongdoers knowledge of the contract; (3) the intentional 
 procurement of its breach;  (4) the absence of justification; and (5) resulting 
 damages.  Todd v. South Carolina Farm Bureau Mut. Ins. Co., 287 S.C. 
 190, 192-93, 336 S.E.2d 472, 473 (1985).
The Lambrou contract was for a six-year term and 
 was automatically renewed for an additional term of one year unless cancelled 
 with written notice sixty days prior to the renewal date.
Petropoulos signed a lease contract, agreeing to assume 
 the provisions of the Lambrou contract, even though neither he nor Lambrou were 
 aware of its provisions. [4]   Petropoulos testified he attempted 
 on several occasions to obtain a copy of the Lambrou contract from Collins.  
 Petropoulos further testified Collins would not release a copy of the contract 
 to him, claiming he was not a party to the contract.  
Collins did finally send Petropoulos a copy of the 
 Lambrou contract.  However, it was not received until the automatic renewal 
 provision was activated.  Petropoulos then asked Collins to remove his machines 
 from the premises and contracted with Frontier to place its coin-operated machines 
 on the property.  
Initially, Petropoulos contends Collins had actual 
 notice of Lambrous intention to terminate the Lambrou contract.  Thus, he claims 
 the termination provisions were substantially met, and no breach occurred.  
 Petropoulos argument is conclusory and fails to cite any supporting authority 
 for its propositions.  Therefore, this issue is abandoned on appeal.  See 
 First Sav. Bank v. McLean, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) 
 (holding the failure to provide arguments or supporting authority for an issue 
 renders it abandoned); Glasscock, Inc. v. U.S. Fidelity and Guar. Co., 
 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) (South Carolina law clearly 
 states that short, conclusory statements made without supporting authority are 
 deemed abandoned on appeal and therefore not presented for review.).   
Petropoulos next contends no evidence exists to 
 support a finding Petropoulos intentionally procured the breach of the Lambrou 
 contract, and even if there was an intentional procurement of the breach, a 
 justification existed.
Petropoulos testified he knew a contract existed 
 between Lambrou and Collins.  Additionally, Petropoulos testified he knew the 
 Lambrou contract was renewed prior to the time he ordered Collins to remove 
 his machines and contracted with Frontier. These facts demonstrate some evidence 
 to support a finding Petropoulos intentionally procured the breach of the Lambrou 
 contract. 
Petropoulos contends if he procured the 
 breach, he was justified in doing so because Collins withheld the Lambrou contract 
 from him until it was automatically renewed.  Assuming without deciding this 
 assertion would constitute a valid defense, Petropoulos argument is without 
 merit.
Bill Morris, a collector for Collins, testified 
 he could not remember if Petropoulos ever requested a copy of the Lambrou contract.  
 Additionally, Jamie Livingston, the Assistant Controller for Branch Accounting 
 at Collins, testified none of the collection worksheets in Lambrous file at 
 Collins indicated Petropoulos requested a copy of the Lambrou contract.  
This evidence is sufficient to create an inference 
 either Petropoulos did not request a copy of the Lambrou contract, or Collins 
 did not receive the request.  See Flowers v. South Carolina Dept. 
 of Highways and Pub. Transp., 309 S.C. 76, 78, 419 S.E.2d 832, 833 (Ct. 
 App. 1992) (holding evidence of a negative character is sufficient to support 
 a finding); 32A C.J.S. Evidence § 1037, at 715-17 (1964); see also 
 Fed. R. Evid. 803(7) (stating the hearsay rule does not exclude evidence indicating 
 the nonoccurrence or nonexistence of a matter based on a report kept in the 
 course of regularly-conducted-business activity).  Therefore, the jury could 
 have found Petropoulos never requested a copy of the Lambrou contract and thereby 
 lacked justification for procuring its breach.
Because the evidence within the record is sufficient 
 to support more than one inference, the circuit court did not err in submitting 
 the question to the jury.  See Steinke, 336 S.C. at 386, 520 S.E.2d 
 at 148 (holding the circuit court must deny a motion for JNOV where the evidence 
 yield more than one inference). 
II.      Double Recovery
Petropoulos argues the jurys award of $33,433.85 
 against Lambrou for breach of contract and $33,433.85 against Petropoulos for 
 intentional interference with contractual relations is an impermissible double 
 recovery.  We agree.
It is well settled in this state that there can 
 be no double recovery for a single wrong[,] and a plaintiff may recover his 
 actual damages only once.  See Collins Music Co. v. Smith, 332 
 S.C. 145, 147, 503 S.E.2d 481, 482 (Ct. App. 1998) (quoting Taylor v. Hoppin 
 Johns, Inc., 304 S.C. 471, 475, 405 S.E.2d 410, 412 (Ct. App. 1991)).  
A breach of contract claim allows for recovery 
 of damages that are the direct and natural consequence of the breach or for 
 damages within the contemplation of the contracting parties.  Collins, 
 332 S.C. at 147-48, 503 S.E.2d at 482.  Claims for interference with a contract 
 allow recovery for the pecuniary loss of the benefits of the contract, consequential 
 losses that were caused by the interference with the contract, and emotional 
 distress or harm to reputation if these damages are reasonably expected to result 
 from the interference.  Id.  Actual damages under breach of contract 
 claims and interference with contract claims are coextensive.  Id.  Thus, 
 if the plaintiff fails to plead or prove damages in addition to actual damages, 
 and the plaintiff receives verdicts for both breach of contract and interference 
 with contractual relations, the circuit court is required to reform the judgment 
 for one single damages award against both defendants.  See Nichols 
 v. State Farm Mut. Auto Ins. Co., 279 S.C. 336, 340-41, 306 S.E.2d 616, 
 619 (1983) (holding the circuit court acted properly by reforming the verdict 
 and striking the damages award for one cause of action to avoid a double recovery), 
 superceded by statute on other grounds as stated in, Duncan v. Provident 
 Mut. Life Ins. Co. of Philadelphia, 310 S.C. 465, 427 S.E.2d 657 (1993); 
 Collins, 332 S.C. at 148, 503 S.E.2d at 482 (holding the circuit court 
 did not err in entering a single judgment against two defendants for separate 
 causes of action where the damages awards were coextensive); Inman v. Imperial 
 Chrysler-Plymouth, Inc., 303 S.C. 10, 15, 397 S.E.2d 774, 777 (Ct. App. 
 1990) (holding circuit court has affirmative duty to require election of remedies 
 where it allows the plaintiff to present two causes of action to the jury and 
 the damages awards are coextensive).
 Collins amended complaint pled causes 
 of action for breach of contract, intentional interference with contractual 
 relations, and violations of the UTPA.  As to the breach of contract, Collins 
 prayed for injunctive relief and actual, as well as consequential damages.  
 As to the causes of action for intentional interference with contractual relations 
 and violations of the UTPA, Collins prayed for actual, consequential, and punitive 
 damages. [5]   
At trial, Collins introduced expert testimony indicating 
 its actual damages were $53,589.48 or $73,924.64, depending on the method of 
 calculation.  However, irrespective of the method employed, Collins only presented 
 evidence of damages from lost profits naturally flowing from the breach of contract.  
 Collins did not introduce evidence demonstrating consequential damages.  
The circuit court submitted a verdict form to the 
 jury.  The verdict form required the jury to either find for the plaintiff or 
 for a particular defendant on each cause of action.  Further, it required the 
 jury to state the amount of actual and punitive damages awarded, if any, for 
 each cause of action.  The circuit court did not charge the jury on double recovery.
The jury awarded Collins $33,433.85 against Lambrou 
 for actual damages stemming from the breach of contract and $33,433.85 against 
 Petropoulos for actual damages stemming from the claim for intentional interference 
 with contractual relations.  The jury did not award punitive damages.  Petropoulos 
 did not make a motion for clarification.
Under these circumstances, the jurys damage awards 
 were duplicative because Collins did not prove damages other than those naturally 
 flowing from the breach of contract.  Thus, the circuit court should have reformed 
 the verdict to reflect one judgment against both defendants.  Nichols, 
 279 S.C. at 340-41, 306 S.E.2d at 619; Collins, 332 S.C. at 148, 503 
 S.E.2d at 482; Inman, 303 S.C. at 15, 397 S.E.2d at 777.  Consequently, 
 we believe the appropriate remedy is to reform the verdict so as to render one 
 judgment for $33,433.85 to which both defendants are jointly and severally liable.  
 See Ross v. Holton, 640 S.W.2d 166, 173 (Mo. Ct. App. 1982) (holding 
 joint and several liability is appropriate where two defendants, one of whom 
 is liable for breach of contract, and the other of whom is liable for tortious 
 interference with contractual relations, cause coextensive damages to the plaintiff); 
 Bermil Corp. v. Sawyer, 353 So.2d 579, 585 (Fla. Dist. Ct. App. 1977). 

Furthermore, Lambrou has paid, and Collins 
 has accepted, full payment for its actual damages stemming from its single loss 
 of profits.  Thus, Collins damage award has been satisfied.  Consequently, 
 we remand with instructions for the circuit court to reform the verdict and 
 enter satisfaction of the judgment.
CONCLUSION
For the foregoing reasons, this case is remanded to the circuit court with 
 instructions to reform the verdict and enter satisfaction.
REMANDED.
CURETON, GOOLSBY, and HOWARD, JJ., concurring.

 
 [1] Collins subsequently dismissed its action against 
 Frontier.

 
 [2] Collins filed a cross-appeal, 
 arguing the circuit court erred by denying its motion for attorneys fees 
 and costs.  However, Collins agreed to dismiss its appeal prior to oral arguments.

 
 [3] Alhtough Petropoulos 
 argues the circuit court erred by denying his motion for a new trial, Petropoulos 
 does not argue the verdict was excessive.  Rather, Petropoulos argument solely 
 attacks the sufficiency of the evidence and is thus addressed only as a motion 
 for JNOV.    Compare Steinke v. South Carolina Dept of Labor, Licensing 
 and Regulation, 336 S.C. 373, 386, 520 S.E.2d 142, 148 (1999) (In ruling 
 on motions for directed verdict or judgment notwithstanding the verdict, the 
 trial court is required to view the evidence and the inferences that reasonably 
 can be drawn therefrom in the light most favorable to the party opposing the 
 motions.) with Allstate Ins. Co. v. Durham, 314 S.C. 529, 530, 
 431 S.E.2d 557, 558 (1993) (When a party moves for a new trial based on a 
 challenge that the verdict is either excessive or inadequate, the trial judge 
 must distinguish between awards that are merely unduly liberal or conservative 
 and awards that are actuated by passion, caprice, or prejudice.).  

 
 
 [4] Although Petropoulos may be party to the Lambrou contract, and therefore 
 could not interfere with the contract, Petropoulos did not argue this defense 
 at trial or on appeal.  Therefore, this issue is not preserved for appellate 
 review.  See Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 
 731, 733 (1998) (an issue cannot be raised for the first time on appeal, but 
 must have been raised to and ruled on by the circuit court to be preserved 
 for appellate review); see also Ross v. Life Ins. Co. of Virginia, 
 273 S.C. 764, 766, 259 S.E.2d 814, 815 (1979) (holding an action for tortious 
 interference with contractual relations protects the property rights of the 
 parties to a contract against unlawful interference by third parties).   

 
 
 [5] Collins cause of action for violations of the UTPA was dismissed 
 on summary judgment.