## CITY COUNCIL OF BOSTON *vs.* MAYOR OF BOSTON.

No. 01-P-1237.

Suffolk. March 3, 2003. - July 11, 2003.

Present: LENK, RAPOZA, & COHEN, JJ.

*Boston. Municipal Corporations,* By-laws and ordinances, Mayor, City council.

In a proceeding by the city council of Boston against the mayor of Boston seeking injunctive and declaratory relief after the mayor vetoed an ordinance establishing salaries for various council staff positions, including the newly established position of "counsel for the city council," the judge properly entered summary judgment for the mayor where, as a matter of law, the addition of the challenged position of counsel for the city council constituted a reorganization of the office of corporation counsel, which could occur only with the joint approval of the mayor and council, and where, accordingly, the mayor enjoyed veto power over the creation of such a position. [544-545]

CIVIL ACTION commenced in the Superior Court Department on March 27, 2000.

The case was heard by *Joseph M. Walker, III,* J., on a motion for summary judgment.

*Michael Williams (Chester Darling* with him) for the plaintiff.

*Mark Sweeney,* First Assistant Corporation Counsel, for the defendant.

LENK, J. We are asked to decide whether the Boston city council (council) has authority to establish and fill the position or office of "counsel for the city council" absent the approval of the mayor of Boston.

The question arises because, on or about December 1, 1999, the council passed an order establishing a permanent position of "counsel for the city council." Said counsel would carry out

certain duties, detailed in the order, that are related to the council's business.[1] Two weeks later, the city of Boston's

---

[1]The proposed duties enumerated in the order are as follows:

"Legislation . . . . Answer questions about the form, substance and legality of legislation. Review and comment upon draft legislation prepared by a councilor's staff or others. Draft legislation as requested based on a detailed outline provided by a councilor or his/her staff.

"Resolutions and orders calling for a hearing. Upon request, edit for completeness and form, city council resolutions and orders calling for hearings when requested to do so.

"Research and advice. The *Counsel for the City Council* will research and provide advice and/or legal analysis regarding matters that relate to Council business. Without limiting the generality, this may include internal policy matters of the Council, such as conflict of interest issues, political activity restrictions, and issues relating to the council's employees. Serve as legal counsel in executive sessions, or in meetings of members of the city council. Analyze administration proposals, programs, bills and reports submitted to the city council, and to prepare executive summaries as requested. Analyze and prepare executive summaries of state and federal legislation of interest to the city council. To familiarize himself/herself with the laws of Massachusetts and the federal government that may apply to the city of Boston and/or the Boston City Council, sufficient to be able to brief and advise the counsel of its legal rights in areas such as it's [sic] the budget and policy making powers, contracting authority, open meeting and public disclosure laws, to name a few. *Counsel* shall provide written legal memoranda upon a majority vote of the city council, or upon the request of the President of the council, to inform the council of a legal matter that may be of interest to councilors.

"Hearings and Committee reports. At the request of a committee Chair, the *Counsel for the City Council* may question witnesses at the beginning of committee hearings to establish the necessary legal framework for the hearing. The *Counsel for the City Council* will note specific answers that may be important or necessary for the committee's or city council's deliberations in the future, and prepare for the committee chair a permanent report of the results of such questions. At the request of a committee chair, work with the Central Staff committee liaison to ensure proper language for committee reports.

"External activities. On a majority vote of the city council, the *Counsel for the City Council* shall protect the interests of the city council in all legal proceedings in which the city council may have standing and an interest, and shall represent the city council in litigation. The *Counsel for the City Council*[] may, upon a majority vote of the city council, seek outside assistance on any matter that is of interest to the city council. Work with the Corporation Counsel's office to amicably resolve matters of mutual concern.

"Library. Establish and maintain a working electronic and paper reference library, consisting of various sources, including internal legal memorandum on various issues that may involve the city council and its authority, and on other issues such as vagrancy, zoning laws, youth gangs, public accommodation

corporation counsel advised the council's president that, based upon the city charter and the City of Boston Code, Ordinances, as well as governing case law, the council may not establish such a position without the mayor's approval.

Shortly thereafter, the council passed an order appointing Mr. Shawn Murphy as counsel to the council, effective January 1, 2000, and, on the same day an ordinance took effect which established salary ranges for various council staff positions, including that of counsel for the council. The latter ordinance was sent to the mayor for review; the mayor vetoed it on January 3, 2000, returning it unsigned and disapproved. The council later brought suit in Superior Court seeking injunctive and declaratory relief. Summary judgment was entered in the mayor's favor and the council appeals. We affirm.

*Analysis.* The mayor has absolute veto power in matters involving the reorganization of city agencies and departments. *City Council of Boston* v. *Mayor of Boston,* 24 Mass. App. Ct. 663 (1987). The mayor maintains, correctly we think, that the proposed position would operate as a de facto reorganization of the office of corporation counsel.

City of Boston Code, Ordinances, § 5-8.1 (as amended through 1979) (CBC § 5-8.1), provides, in pertinent part, that

> "[t]he Law Department [of the city of Boston] shall be under the charge of the Corporation Counsel, who shall furnish opinions on the law of any subject or question that may be submitted to him by the Mayor or the City Council . . . ; shall, on application, advise any officer or employee of the City on any question of law connected with the discharge of his official duties; shall, subject to the direction of the Mayor, or of any Committee of the City Council having charge of matters before the general court of the Commonwealth, appear by himself or assistants as Counsel for the City before the general court or before any committee thereof, when the interest or welfare of the City is directly or indirectly affected; . . . shall by himself or by his assistants in the Law Department appear as Counsel in

laws, condominium conversion, needle exchange, gun laws, etc.

"Miscellaneous. From time to time, submit to the President of the City Council for consideration proposed changes and corrections in the various laws that affect the city, as the *Counsel* deems necessary or advisable."

all suits, actions, or prosecutions which may involve the rights or interests of the City, and defend the officers of the City in suits against them for their official actions, or for the performance of their official duties, or when any estate, right, privilege, interest, ordinance, act, or direction of the City is brought in question . . . ."

The duties proposed for legal counsel to the council, as described, would overlap significantly and thereby interfere materially with those that are presently reserved exclusively to corporation counsel. Counsel to the council would be responsible, among other things, for providing legal advice on matters relating to council business, reviewing and furnishing opinions on draft legislation, and representing the council in legal proceedings. These responsibilities would duplicate those already assigned to corporation counsel under CBC § 5-8.1, insofar as that section calls upon corporation counsel to advise the divisions of the city on legal matters and to represent them in disputes.[2] Based upon the language of the council's order purporting to establish the new position, we conclude that, as matter of law, the addition of the challenged position of "counsel for the city council" would constitute a reorganization of the office of corporation counsel. Such a reorganization can only occur with the joint approval of the mayor and the council, and the mayor accordingly enjoys veto power over the creation of such a position. See *City Council of Boston* v. *Mayor of Boston*, *supra*. For this reason, if no other, summary judgment in the Mayor's favor was correctly allowed.

*Judgment affirmed.*

---

[2]While the council has submitted affidavits stating that corporation counsel has not in fact provided legal advice to members of the council, any purported failure by corporation counsel to perform his duties does not constitute a basis on which to conclude that the provisions of CBC § 5-8.1 may be disregarded. See *Doris* v. *Police Commr. of Boston*, 374 Mass. 443, 449 (1978). The analysis here is limited to determining whether the duties of the desired position would conflict with the duties of corporation counsel assigned to the latter under the City of Boston Code, Ordinances. As such, the affidavits are immaterial, and we may and do decide the issue as matter of law.