673 S.E.2d 416

**Charles R. HIPP, III, Respondent,**

v.

**SOUTH CAROLINA DEPARTMENT OF
MOTOR VEHICLES, Appellant.**

No. 26588.

Supreme Court of South Carolina.

Heard Dec. 4, 2008.
Decided Jan. 26, 2009.

General Counsel Frank L. Valenta, Jr., Deputy General Counsel Philip S. Porter, and Assistant General Counsel Linda A. Grice, all of Blythewood, for Appellant.

Michael A. Timbes, of Thurmond, Kirchner & Timbes, of Charleston, for Respondent.

PER CURIAM:

South Carolina Department of Motor Vehicles (SCDMV) appeals the order of the circuit court enjoining it from suspending the driver's license of Respondent Charles R. Hipp, III (Respondent) as a consequence of Respondent's 1993 Georgia conviction for driving under the influence (DUI). We affirm.

## FACTS

Respondent was arrested and pled guilty to DUI in the State of Georgia in 1993. At the time of the arrest, Respondent was a South Carolina resident attending college in South Carolina, and a driver licensed by the South Carolina Department of Motor Vehicles (SCDMV). As a result of his plea, Respondent paid a fine to the State of Georgia and fulfilled other conditions required by Georgia. In 2005, twelve years after his conviction, Respondent received notice from the SCDMV that his South Carolina driver's license was being suspended as a consequence of his 1993 Georgia DUI conviction. Respondent filed a declaratory judgment action asking the court to enjoin suspension of his license. The circuit court issued an order enjoining the SCDMV from suspending Respondent's driver's license.

## ISSUE

Did the circuit court err in enjoining the suspension of Respondent's driver's license?

## STANDARD OF REVIEW

"Actions for injunctive relief are equitable in nature." *Shaw v. Coleman*, 373 S.C. 485, 492, 645 S.E.2d 252, 256

(Ct.App.2007). In actions in equity this Court may find facts in accordance with its own view of the preponderance of the evidence. *Id.*

## ANALYSIS

The circuit court cited three grounds for enjoining suspension of Respondent's driver's license: (1) that the applicable statute is ambiguous; (2) the doctrine of laches; and (3) that suspension twelve years after conviction violates the "fundamental fairness" required by due process. We find the circuit court's conclusion as to fundamental fairness to be persuasive and so, affirm.[1]

█ █ A person's interest in his driver's license is property that a state may not take away without satisfying the requirements of due process. *Bell v. Burson,* 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971). Due process is violated when a party is denied fundamental fairness. *City of Spartanburg v. Parris,* 251 S.C. 187, 191, 161 S.E.2d 228, 230 (1968).

This Court addressed facts similar to those in the case at hand in *State v. Chavis,* 261 S.C. 408, 200 S.E.2d 390 (1973). While we found fundamental fairness was not violated by suspension after a one-year delay, we allowed that there might be circumstances under which it could be soundly held that the State had no right to suspend a driver's license after a lengthy delay. *Id.* at 411, 200 S.E.2d at 391. We find in the instant case the extreme circumstances contemplated by *Chavis.*

█ While we do not intend to set forth a bright line rule, we find that imposition of a suspension after more than twelve years delay, where Respondent bears no fault for the delay, is manifestly a denial of fundamental fairness.[2] Though neither dispositive nor directly applicable to the instant case, we note

---

**1.** Having found the circuit court's decision supported by its finding that Respondent was denied fundamental fairness, we do not address the remaining grounds. *See Wilson v. Moseley,* 327 S.C. 144, 147, 488 S.E.2d 862, 864 (1997).

**2.** It should be noted that neither Respondent nor SCDMV is at fault for the delay. The unexplained delay in reporting the 1993 violation appears to be solely attributable to the inaction of the State of Georgia.

that Title 56 of the South Carolina Code, which addresses "Motor Vehicles," is replete with ten-year limitations for purposes of sentence enhancement and keeping record of convictions. *See, e.g.*, S.C.Code Ann. §§ 56–1–746 (for purposes of determining a prior offense for sentence enhancement of alcohol-related offenses, only convictions within ten years of the date of the most recent violation are considered prior offenses); 56–1–1340 (violation convictions shall be entered in the records of the SCDMV for a period of ten years); 56–5–2940 (for sentence enhancement of convictions for operating motor vehicle under influence of alcohol or drugs, only those violations which occurred within ten years preceding date of last violation constitute prior violations); 56–5–1990 (in determining time of suspension of driver's license, only violations which occurred within ten years of the last violation shall constitute prior violations).

## CONCLUSION

We agree with the circuit court that under the unique circumstances of this case, the attempted suspension of Respondent's driver's license twelve years after conviction constitutes a denial of fundamental fairness. The order enjoining suspension is therefore

**AFFIRMED.**

TOAL, C.J., WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.