**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

South Carolina Department of Motor Vehicles,
Appellant,

v.

Christopher McMahan, Respondent.

Appellate Case No. 2017-001575

Appeal From The Administrative Law Court
John D. McLeod, Administrative Law Judge

Unpublished Opinion No. 2019-UP-031
Submitted November 1, 2018 – Filed January 16, 2019

**AFFIRMED**

Frank L. Valenta, Jr., Philip S. Porter, and Brandy Anne Duncan, all of the South Carolina Department of Motor Vehicles, of Blythewood, for Appellant.

Clarence Rauch Wise, of Greenwood, for Respondent.

**PER CURIAM:** The South Carolina Department of Motor Vehicles (the Department) appeals the administrative law court's (ALC's) order affirming the

decision of the Office of Motor Vehicle Hearings (the OMVH) rescinding the suspension of Christopher McMahan's driver's license. The Department argues the ALC erred in finding the OMVH's seven-year delay in adjudicating McMahan's challenge to his habitual offender suspension was a violation of fundamental fairness. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 1-23-610(B) (Supp. 2018) (providing this court may affirm the ALC's decision or it may reverse or modify the decision if the decision is affected by an error of law or "clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record"); *Original Blue Ribbon Taxi Corp. v. S.C. Dep't of Motor Vehicles*, 380 S.C. 600, 604, 670 S.E.2d 674, 676 (Ct. App. 2008) ("The decision of the [ALC] should not be overturned unless it is unsupported by substantial evidence or controlled by some error of law."); *McEachern v. S.C. Emp't Sec. Comm'n*, 370 S.C. 553, 557, 635 S.E.2d 644, 647 (Ct. App. 2006) ("Substantial evidence is evidence [that], considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached." (quoting *Merck v. S.C. Emp't Sec. Comm'n*, 290 S.C. 459, 461, 351 S.E.2d 338, 339 (1986))); S.C. Code Ann. § 56-1-1030(A) (2018) ("If the [D]epartment determines after review of its records that [a] person is an habitual offender . . . [it] must revoke or suspend the person's driver's license."); S.C. Code Ann. § 56-1-1090(A) (2018) (providing an habitual offender's license must be suspended for a period of five years from the date the Department determines a person is an habitual offender); *Davis v. S.C. Dep't of Motor Vehicles*, 420 S.C. 98, 104, 800 S.E.2d 493, 496 (Ct. App. 2017) ("A person's interest in his driver's license is property that a state may not take away without satisfying the requirements of due process. Due process is violated when a party is denied fundamental fairness." (quoting *Hipp v. S.C. Dep't of Motor Vehicles*, 381 S.C. 323, 325, 673 S.E.2d 416, 417 (2009))); *id.* at 106, 800 S.E.2d at 497 (holding the record contained substantial evidence to support the ALC's finding that a "six-year delay between [the driver's] third [driving under suspension] conviction and the suspension of his license was fundamentally unfair" when neither the driver nor the Department was responsible for the delay); *id.* (holding the driver "would suffer prejudice and injury" because "he had paid reinstatement fees, met the [Department's] requirements for reinstatement, . . . his license had been reinstated for twenty months," and the "delay exceed[ed] the total time [the] suspension would have run" had it been timely imposed); *Wilson v. S.C. Dep't of Motor Vehicles*, 419 S.C. 203, 208-09, 796 S.E.2d 541, 543-44 (Ct. App. 2017) (finding a five-year delay between the driver's conviction for driving under the influence and the suspension was fundamentally unfair when the driver demonstrated potential

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

prejudice if her license was suspended after such delay); *Hipp*, 381 S.C. at 325, 673 S.E.2d at 417 (finding when the driver was not responsible for the delay, the imposition of a suspension after a twelve-year delay was manifestly a denial of fundamental fairness).

**AFFIRMED.**

**HUFF, SHORT, and WILLIAMS, JJ., concur.**